COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder, and Annunziata
Argued at Richmond, Virginia

MELANIE T. KAPLAN

OPINION BY
v.  Record No. 2435-94-2          JUDGE JAMES W. BENTON, JR.
                                      JANUARY 23, 1996
IRWIN D. KAPLAN


FROM THE CIRCUIT COURT OF GOOCHLAND COUNTY
F. Ward Harkrader, Jr., Judge

Sylvia Clute for appellant.

Murray J. Janus (Deanna D. Cook; Bremner,
Baber & Janus, on brief), for appellee.


Melanie T. Kaplan appeals from a judgment decreasing the
amount of child support to be paid by Irwin D. Kaplan for their
two children.  She also contends the trial judge erred in
refusing to award her attorney's fees and costs.  For the reasons
that follow, we affirm the judgment.

The evidence proved that during the marriage, the father
sold his retail clothing business and entered into an employment
contract on June 30, 1989, with the purchaser.  The contract
provided that he would receive a base salary of $270,000 per year
from July 1, 1989 through January 31, 1995, with an increase of
$10,000 per year beginning February 1, 1992.  The contract
contained a non-competition clause preventing the father from
working in a related business for a three-year period after
termination of the contract.  In April 1992, the parent company
of the corporation that paid the father's salary was in
bankruptcy.

The evidence also proved that the father and mother entered into a Property Settlement Agreement dated November 13, 1992. The agreement resolved issues of spousal support, property distribution, child custody, and child support. The father agreed to pay as support for the children $2,000 per month per child, private school expenses, college expenses, and other expenses.

In September 1993, the father entered into a modified contract with the corporation paying his salary. He testified that the corporation had ceased doing business and was in poor financial condition. He further testified that because the corporation's finances threatened future salary payments, he "had no choice but to make an agreement with them." Under the modified contract, the father's employment was to be terminated January 15, 1994. The modified contract also provided for a less restrictive non-competition clause.

On November 1, 1993, the father filed a bill of complaint seeking a divorce. The bill of complaint stated that a Property Settlement Agreement existed, alleged that a material change in circumstances had occurred with respect to the children, and requested that a fair and reasonable amount of child support be set taking into consideration the statutory support guidelines. As a result of discussions by the parties during the course of the litigation, the father abandoned his request to modify the monthly child support amount. The father and the mother asked

the trial judge to incorporate by reference the agreement into the final divorce decree. A final divorce decree was entered December 22, 1993, and it affirmed, ratified, and incorporated by reference the agreement.

Just over a month after entry of the divorce decree, the father filed a petition for reduction of child support. In his petition, he alleged that "as of January 15, 1994, [his] employer ceased its business operations in Virginia and [his] employment was terminated and therefore he is not gainfully employed at the present time." In response, the mother alleged that "no change in circumstances [had occurred] that [was] not known to the [father] at the time of the entry of the final decree of divorce." She also alleged that the father misled the trial judge when he claimed he had been terminated from his job and had no present income. The mother asserted that she was entitled to attorney's fees because of fraudulent representations.

After an evidentiary hearing, the trial judge reduced the father's monthly child support payments and made the following findings:

> [T]here has been a substantial change in circumstances, . . . the [father] has suffered an involuntary reduction in his earned income; that his total gross income presently is $14,800 per month, $8,600 of which is earned and $6,200 of which is unearned; that the [mother's] average gross income is $4,841 per month, making a total monthly gross income of $19,641, which comes to a combined guideline support figure of $3,023 per month for two children; that the [father's] percentage of the gross income is 75% leaving a guideline support figure of

$2,267 per month. . . .

Accordingly, the trial judge ordered the father to pay $2,267 monthly child support. The trial judge also denied the mother's motion for sanctions and attorney's fees. The mother appealed from the judgment.

In Virginia, a trial judge may adjust child support payments when the petitioning party has proven by a preponderance of the evidence a material change in circumstances. Featherstone v. Brooks, 220 Va. 443, 446-47, 258 S.E.2d 513, 515 (1979). "Where a party has demonstrated a material change in circumstance, the trial [judge] must determine whether that change justifies a modification in the support award by considering 'the present circumstances of both parties and the benefit of the children.'" Watkinson v. Henley, 13 Va. App. 151, 156, 409 S.E.2d 470, 473 (1991)(citation omitted). Thus, an agreement or decree regarding child support can never permanently fix the amount of support. Code § 20-108; Featherstone, 220 Va. at 446, 258 S.E.2d at 515.

The mother contends that no change in circumstances occurred after entry of the final decree because the father had prior knowledge of his eventual loss of employment. She also argues that the doctrine of res judicata prevented the trial judge from considering the husband's petition for a modification of support. The father asserts that the termination of his job in January 1994 constituted a material change in circumstances and justified a reduction in his payments.

- 4 -

The parties agree that the issue of a change in the child support payments was initially raised when the father filed his bill of complaint for divorce. The record before the trial judge established, however, that the parties discussed the issue during the divorce proceedings, could not agree upon a satisfactory change, and joined in the request to the trial judge to incorporate by reference the agreement they negotiated in November 1992. Although the father knew when he filed the bill of complaint that his employment would be terminated in January 1994, he remained employed throughout the divorce proceedings and was still employed when the divorce decree was entered incorporating the parties' agreement.

The mother provides no support for her argument that the father's knowledge of his future change in income required action by the father at the time of the divorce. The principle is well established that a material change in circumstances requires an actual change. Featherstone, 220 Va. at 446, 258 S.E.2d at 515; Watkinson, 13 Va. App. at 156, 409 S.E.2d at 472-73.

An agreement by parties regarding the support of minor children has a characteristic that is significantly different from contracts generally. When parties contract concerning their property, spousal support, and related aspects of their affairs and file the contract with the court before entry of the divorce decree, "no decree or order directing the payment of support and maintenance for the spouse, suit money, or counsel fee or

establishing or imposing any other condition or consideration, monetary or nonmonetary, shall be entered except in accordance with that . . . contract."  Code § 20-109.  Unlike those contracts, any agreement that the parties reach regarding minor children may be modified by a judge "from time to time . . . , as the circumstances of the parents and the benefit of the children may require."  Code § 20-108; Hammers v. Hammers, 216 Va. 30, 31, 216 S.E.2d 20, 21 (1975).  The issue of foreseeability of a change in condition, therefore, has significantly less impact in matters concerning child support.

The divorce court's continuing jurisdiction to modify and change a decree affecting support of a minor child may be invoked "if a material change in condition and circumstance has occurred" and despite the parties' previous agreement.  Featherstone, 220 Va. at 446, 258 S.E.2d at 515 (emphasis added).  Because support orders "may be modified with respect to any period during which there is a pending petition for modification, but only from the date that notice of such petition has been given to the responding part[ies]," Code § 20-108, a party can claim no prejudice when a trial judge rules that a change in circumstances has occurred even though that change might have been foreseen at an earlier time.  We, therefore, hold that the trial judge did not err in concluding that the date of the actual change in the father's salary was the time when the change in circumstances occurred.

In addition, we uphold the trial judge's ruling that the bar of <u>res</u> <u>judicata</u> does not apply. "The bar of <u>res</u> <u>judicata</u> precludes relitigation of the same cause of action, or any part thereof, which could have been litigated between the same parties and their privies." <u>Smith v. Ware</u>, 244 Va. 374, 376, 421 S.E.2d 444, 445 (1992). "In the absence of a material change in circumstances, reconsideration of support that has been previously adjudicated . . . would be barred by principles of <u>res</u> <u>judicata</u>." <u>Hiner v. Hadeed</u>, 15 Va. App. 575, 580, 425 S.E.2d 811, 814 (1993). Although the father's bill of complaint for divorce alleged a change in circumstances, that issue was never litigated during the divorce proceeding. The parties requested that the trial judge incorporate by reference the agreement into the divorce decree without litigating the issue of the change in circumstances. The record clearly establishes that the matter of the impending change in the father's employment status was neither pursued as an issue nor decided during the divorce proceeding.[1]

---

[1] Moreover, the evidence in the record suggests a dual nature of the change that the father conclusorily alleged in the pleadings. The bill of complaint alleges "[t]hat since the Property Settlement Agreement there has been material changes in circumstances with respect to the children." The wife's answer to the bill admits the allegation of a change in circumstances and alleges that the parties were both aware "that the relationship between the children of the parties, especially their daughter, and the [father] has seriously deteriorated since the parties entered into the . . . agreement." At the hearing on his later petition to modify support, the father testified that his relationship with his daughter had grown volatile. He also testified, however, that the issue that concerned him when he filed the bill of complaint was his future salary termination.

- 7 -

When the father filed his petition on January 28, 1994, he alleged that a change in circumstances occurred January 15, 1994, when his salary was terminated. The trial judge found that the father's salary had been terminated, that the change was material, and further that the change justified a modification of child support. See Yohay v. Ryan, 4 Va. App. 559, 566, 359 S.E.2d 320, 324 (1987). The trial judge's finding of a change in circumstances was not "plainly wrong or unsupported by the evidence." Smith v. Smith, 18 Va. App. 427, 433, 444 S.E.2d 269, 274 (1994).

The trial judge heard ore tenus the parties' evidence concerning the father's finances. The mother claimed that a fraud was being committed. When we view the evidence in the light most favorable to the father, who prevailed at trial, Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989), and grant great weight to the trial judge's findings, Pommerenke v. Pommerenke, 7 Va. App. 241, 244, 372 S.E.2d 630, 631 (1988), we conclude that the evidence failed to prove that a fraud was committed. The trial judge's findings are not plainly wrong. Id.

We uphold the trial judge's decision reducing the father's support obligation because the evidence supports the reduction and does not prove that the trial judge abused his discretion in determining the amount of support. Schoenwetter, 8 Va. App. at 606, 383 S.E.2d at 31. The evidence proved that the father

suffered a substantial diminution in salary in January 1994. The mother argued that the father voluntarily relinquished salary in return for the elimination of the non-competition clause and cited Antonelli v. Antonelli, 242 Va. 152, 409 S.E.2d 117 (1991), as a bar to his request for reduction. The trial judge found, however, that the father "suffered an involuntary reduction in his annual income."

We conclude that the evidence in the record concerning the bankruptcy of the corporation and the financial difficulties that caused the father to renegotiate the arrangement supports the trial judge's finding that the reduction was involuntary. Although the father had other sources of income and accepted employment for $8600 per month, the loss of income provided sufficient grounds for the trial judge to lower the father's child support payments. Accordingly, we find no error.

Attorney's fees and costs may be awarded in child support modification cases. Edwards v. Lowry, 232 Va. 110, 114, 348 S.E.2d 259, 262 (1986). However, an award of attorney's fees and costs is within the sound discretion of the trial judge. Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The trial judge's findings that the father did not act in bad faith is supported by the evidence. Based upon the evidence in the record and that finding, we hold the trial judge did not abuse his discretion in refusing to award attorney's fees or costs.

For these reasons, we affirm the judgment.

<u>Affirmed</u>.