COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Benton and Elder
Argued at Richmond, Virginia


SUSAN M. STEPHENS
                                    MEMORANDUM OPINION* BY
v.  Record No. 2218-95-4         JUDGE JAMES W. BENTON, JR.
                                       NOVEMBER 19, 1996
DALE EDWARD WARREN


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                   Rosemarie Annunziata, Judge

          Carolyn T. Hogans (Dennis M. Hottell;
          Dennis M. Hottell & Associates, on briefs),
          for appellant.

          J. Thomas Fromme, II (Sherman & Fromme, on
          brief), for appellee.


     In this custody dispute, the trial judge denied Susan M.

Stephens' motions to modify custody and child support and to

require psychological evaluations and a home study.  Stephens

contends that the trial judge erred by (1) denying her request

for an independent psychological examination of the child, (2)

refusing to modify custody, (3) refusing to reduce her child

support obligation, and (4) ordering her to pay a portion of the

father's attorney's fees.  Dale Edward Warren, the father, filed

a motion to dismiss the appeal on the ground that the mother

failed to file a complete transcript of the proceedings below.

Because the excerpts of the transcript that were filed contain

extensive findings by the trial judge, we consider those excerpts

_____
        *Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

and affirm the judgment.

I.

The record on appeal proves that at the time of the parties' divorce in 1989, the final decree awarded custody of the child to the father. In 1994, the mother filed motions seeking an immediate modification of custody, a change in support, a change in visitation, a psychological evaluation of the child, and attorney's fees. The father denied the mother's allegations, opposed the motions, and requested an award of his fees. Following a hearing, the trial judge denied the mother's motion for a psychological evaluation. The mother then withdrew her motion for a home study and entered into a consent order with the father giving the mother extended visitation during December 1994.

At a later evidentiary hearing, the evidence proved that circumstances in the mother's life had changed since the 1989 divorce. She had remarried, given birth to another child, assumed custody of her husband's niece, left her former employment, and begun operating a day care center from her home. The mother's income had decreased from approximately $3,235 per month to approximately $1,080 per month.

The evidence also proved that the child, whose custody was at issue, was emotionally stable and had adapted very well to his parents' divorce. Based on her finding that the child had a uniquely healthy mental state, the trial judge concluded that the

father had strong parenting abilities.  Specifically, the trial judge found that the father actively supported the child's relationship with his mother and effectively educated the child.

The father testified that he had a total debt of approximately $15,000, and that a substantial part of the debt was incurred during the parties' marriage.  Based on the evidence, the trial judge entered a final order denying a change in custody, denying a modification of child support, and awarding $5,000 in attorney's fees to the father.  The mother appealed.

## II.

"Whether to grant the motion [for a psychological evaluation of the child] was within the discretion of the trial judge."  Carrico v. Blevins, 12 Va. App. 47, 51, 402 S.E.2d 235, 238 (1991).  The mother argued that a psychological evaluation was "necessary to fully apprise the Court of the current custodial situation, and . . . would assist the Court in reaching a determination on [the mother's] pending custody motion, and thus [it would be] in [the child's] best interest."  The trial judge found that a psychological evaluation was not needed because there were no "true, psychological issues" in the case.  The trial judge found that the mother had not presented "enough [evidence] to suggest to me that the child is significantly destabilized or even nearing destabilization in his present circumstance."

Because the record contains no evidence that a psychological

evaluation would provide particular assistance to the trial judge, we hold that the trial judge did not abuse her discretion in denying the motion.

III.

To justify a change in custody, a parent must prove two elements:  (1) that a material change in circumstances has occurred, and (2) that a change in custody would be in the child's best interests.  Keel v. Keel, 225 Va. 606, 611, 303 S.E.2d 917, 921 (1983).

> [D]espite changes in circumstances, there can be no change in custody unless such change will be in the best interests of the children.  The second prong, then, is clearly the most important part of the two-part test.  It underscores the importance we place upon securing the best interests of children whose interests, in the final analysis, must be protected by the courts.

Id. at 612, 303 S.E.2d at 921.  The trial judge found that the mother proved a material change in circumstances.  However, the trial judge denied the motion on the grounds that the mother failed to prove that a modification of custody would be in the child's best interests.

When ruling on the best interests of the child, a trial judge must "make a rational comparison between the circumstances of the two parents as those circumstances affect the children." Id. at 613, 303 S.E.2d at 922.  In making the comparison, the trial judge must determine "which parent is best qualified to provide the highest quality of care to the child and which home

- 4 -

will provide the child the greatest opportunity to fulfill his or her potential." Turner v. Turner, 3 Va. App. 31, 36, 348 S.E.2d 21, 23 (1986). On appeal, the trial judge's "decision will not be set aside unless plainly wrong or without evidence to support it." Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990).

The mother argues that the trial judge inappropriately emphasized the stability of the child in his current environment and, in effect, required that she prove the change was "needed." The Supreme Court has ruled that "although a settled environment may have its benefits, it is simply another factor to be considered in determining the best interests of the children [and] . . . cannot be used to preclude examination of other pertinent factors." Keel, 225 Va. at 611, 303 S.E.2d at 920.

The record reveals that although the trial judge did emphasize that the child "is unusually stable and well-adjusted and comfortable," the judge did not allow that factor to preclude an analysis of other relevant considerations. For example, the judge focused at length on the father's unique parenting abilities. The evidence proved that the father actively promoted the child's relationship with his mother and her new husband. The trial judge also found that the father excelled at educating the child in subtle ways and instilled valuable personal and life skills. The trial judge found that the father was highly motivated to be a good parent.

The trial judge appropriately applied a comparative approach and found that, despite the improvements in the mother's lifestyle, the father was still most likely to provide the best environment for the child. Although the judge did not discredit the mother's parenting skills, the judge did attribute the child's unique stability and happiness to the father's abilities.

Moreover, the trial judge found that the child was performing well at school. The judge also expressed concern that a change in the child's school would not be in his best interest. Because the trial judge's findings addressed the overall best interests of the child and were not plainly wrong, we affirm the decision.

## IV.

After the trial judge denied the motion for change in custody, the mother sought a reduction in the amount of child support she was paying. The mother argues that the trial judge erred by refusing to reduce her child support obligation and by failing to make the findings required by Code § 20-108.1. We disagree.

When seeking a modification of child support, the moving party must prove that a material change in circumstances occurred and that the change justifies altering the support amount. See Kaplan v. Kaplan, 21 Va. App. 542, 547, 466 S.E.2d 111, 113 (1996). A trial judge's decision that is based upon evidence at an ore tenus hearing "will not be disturbed on appeal unless it

is plainly wrong or without evidence in the record to support it."  Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989).

The evidence revealed that the mother voluntarily terminated a job where she earned $3,235 per month and began to operate a day care center where she earned approximately $1,080 per month.  The trial judge's refusal to modify the child support award is supported by the evidence that the mother's change in employment was voluntary.  Thus, the income reduction was not a material change in circumstance that justified a reduction.  See Antonelli v. Antonelli, 242 Va. 152, 154, 409 S.E.2d 117, 119 (1991).

The only grounds upon which the trial judge could have found a material change, therefore, were the additional expenses the mother incurred in caring for her new child and her husband's niece.  Because the mother calculated the expenses of the children by including expenses that had not changed due to the children, however, the mother's evidence failed to demonstrate exactly how much her expenses had increased due to the children.  Nevertheless, the trial judge did consider the fact that her expenses had increased but declined to modify the support award.

The trial judge ruled that in light of the father's financial situation, the changes in the mother's life were not material and did not warrant a modification of the support award.  The evidence proved that the father continued to have substantial unpaid debt, most of which was incurred during the

marriage.  Because the evidence supports that ruling, it is not plainly wrong.

The mother also argues that the trial judge erred by failing to make findings as to the presumptive guideline amount and the deviation from that amount.  In view of the mother's involuntary change in employment and the trial judge's finding of no material change in circumstances, the trial judge was not required to make the findings otherwise required by the Code.  Crabtree v. Crabtree, 17 Va. App. 81, 88-89, 435 S.E.2d 883, 888 (1993).

                                V.

"The key to a proper award of counsel fees is reasonableness under all of the circumstances revealed by the record." Ellington v. Ellington, 8 Va. App. 48, 58, 378 S.E.2d 626, 631 (1989).  "An award of attorney fees is discretionary with the [trial judge] after considering the circumstances and equities of the entire case and is reviewable only for an abuse of discretion."  Gamer v. Gamer, 16 Va. App. 335, 346, 429 S.E.2d 618, 626 (1993).

The trial judge ruled that although there was a viable visitation dispute, "[t]hat doesn't mean that you bring a custody case every time you have a visitation issue."  The trial judge found that the mother's decision to seek a change of custody was not reasonable.  In addition, the evidence proved that the husband was carrying a substantial debt remaining from the marriage.  Based on these circumstances, the judge ruled that she

was "going to consider the fact that neither of these parties has a lot of money, but I am going to award $5,000."  In light of the financial circumstances of the parties and the trial judge's finding that the motions were not warranted, we hold that the trial judge's decision to award the father a partial sum of attorney's fees does not constitute an abuse of discretion.

For these reasons, we affirm the judgment.

<u>Affirmed</u>.