COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Annunziata
Argued at Alexandria, Virginia


WILLIAM I. STEWART

                                   MEMORANDUM OPINION[*] BY
v.    Record No. 1570-97-4         JUDGE ROSEMARIE ANNUNZIATA
                                        MARCH 31, 1998
ALICE DESPARD, F/K/A
 ALICE STEWART


               FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                     William T. Newman, Jr., Judge

          Raymond B. Benzinger (Mary M. Benzinger;
          Benzinger & Benzinger, on brief), for
          appellant.

          Edward V. O'Connor, Jr. (Byrd, Mische, Bevis,
          Bowen, Joseph & O'Connor, on brief), for
          appellee.


     William I. Stewart (husband) appeals the decision of the

trial court in a hearing on remand from this Court in favor of

Alice Despard (wife).  Husband contends that the trial court

erred in its valuation of the marital business, its determination

of the equitable distribution award, and its ruling that no

material change of circumstances justified altering the parties'

child custody arrangement.  We affirm the decision of the trial

court.

     On December 18, 1992, the Circuit Court of Arlington County

entered a final decree of divorce between the parties.  The

decree awarded wife sole custody of the parties' child, Dillon,

_____

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

awarded the marital business, a restaurant and bar called Roratonga Rodeo, to wife, and found that Roratonga Rodeo had no value. In an unpublished opinion, this Court reversed the court's finding that Roratonga Rodeo had no value as unsupported by the evidence, and remanded for further proceedings. Prior to the hearing on remand, husband filed a series of motions regarding Dillon, including a petition for change in custody. The court consolidated all pending issues for a hearing on April 21, 1997.

## I.

## Valuation

Husband contends that the trial court erred in valuing Roratonga Rodeo at $40,000. On appeal, we will not disturb a trial court's valuation of property unless it is plainly wrong or without evidence to support it. Gamble v. Gamble, 14 Va. App. 558, 563, 421 S.E.2d 635, 638 (1992) (citing Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989)). We view the evidence in the light most favorable to wife, the party prevailing below. Id. (citing Schoenwetter, 8 Va. App. at 605, 383 S.E.2d at 30).

Husband first contends that the court erroneously disregarded the uncontradicted testimony of his valuation expert, Arthur Jackson-Early, that Roratonga Rodeo was worth between $60,000 and $66,000. We disagree. The court stated that it had taken Jackson-Early's testimony into account in valuing the

2

business at $40,000, and specifically cited Jackson-Early's testimony that a bar across the street had sold for $55,000. Furthermore, the court "has the discretion to accept or reject any of [an expert] witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (en banc). The court, therefore, was not required to uncritically accept Jackson-Early's valuation, but could accept or reject portions of the testimony as warranted by the evidence as a whole.

Husband next contends that wife's valuation of Roratonga Rodeo was not in evidence and that, therefore, Jackson-Early's valuation was uncontradicted. This argument lacks merit. In her opening statements, without objection, wife gave the court the appendices from the prior appeal to this Court, which contained transcripts of the 1992 hearing. The trial judge informed the parties that he expected to examine the transcripts and that testimony found in the transcripts need not be repeated.[1] At the earlier hearing, wife testified, "I would say it is worth about – with the equipment in there and all, you know, it is about twenty thousand dollars." The record makes clear that the trial court considered wife's testimony as contained in the transcripts of the November 1992 hearing to be in evidence.

Husband argues that the court erred in relying on the sale

---

[1]At oral argument, counsel for husband argued that the court admitted the transcript on the issue of child custody, but not on the issue of valuation. This argument is not supported by the record.

of husband's nearby Amdo Rodeo bar for $55,000 because no evidence establishes the similarities between the two bars. Husband's own witness, Jackson-Early, testified he considered the sale of Amdo Rodeo for $55,000 in determining the value of Roratonga Rodeo, but distinguished the value of the two bars on the basis that husband had opened a third bar in the same area, called Bardo, and that the new owner of Amdo changed the name and format of Amdo. In light of this testimony, the trial court did not abuse its discretion in considering the sale of Amdo Rodeo in valuing Roratonga Rodeo. The court could properly conclude that Jackson-Early's distinctions between the bars were unpersuasive. The court could also properly conclude that the factors Jackson-Early relied upon to discount the price of Amdo Rodeo applied equally to Roratonga Rodeo, as all three bars were in competition and wife had changed the name of Roratonga Rodeo to Galaxy.

Thus, in valuing Roratonga Rodeo, the trial court had before it wife's valuation of $20,000, Jackson-Early's valuation of $60,000-$66,000, and a comparable sale of $55,000. The court was not required to accept the testimony of an expert over the testimony of a party. Stratton v. Stratton, 16 Va. App. 878, 883, 433 S.E.2d 920, 923 (1993). Confronted with a range of values, the court was within its discretion to value the business within that range. Aster v. Gross, 7 Va. App. 1, 9, 371 S.E.2d 833, 838 (1988).

4

                                 II.

                     Equitable Distribution Award

     Husband contends that the court erred in awarding him only

$10,000 of the $40,000 value of Roratonga Rodeo.[2]  The court

found that after a review of all the evidence "and a

consideration of all the factors contained in Va. Code

§ 20-107.3(E), that [husband's] marital share of Roratonga Rodeo

should be reduced by $10,000.00 to offset [wife's] efforts at

running the business between March, 1991 and November, 1992

leaving an equitable distribution award to [husband] in the sum

of $10,000.00."  It is well established that "the division or

transfer of marital property and the amount of any monetary award

are matters committed to the sound discretion of the trial

court."  Theismann v. Theismann, 22 Va. App. 557, 564, 471 S.E.2d

809, 812 (1996), aff'd, 23 Va. App. 697, 479 S.E.2d 534 (1996)

(en banc) (mem.).  Therefore, we will not disturb the court's

award unless it is plainly wrong or without evidence to support

it.  Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d

675, 678 (1990).

     The evidence before the court establishes that wife had been

_____

     [2]Husband also argues that wife did not present sufficient
evidence of tracing to warrant treating a portion of this asset,
valued at $40,000, as wife's separate property.  See, e.g., von
Raab v. von Raab, 26 Va. App. 239, 248-49, 494 S.E.2d 156, 160-61
(1997).  The court's decision makes clear, however, that its
decision to award husband $10,000 of the $40,000 value of
Roratonga Rodeo was based on equitable distribution principles,
rather than classification principles.  Evidence of tracing was
therefore not needed.

                                  5

solely responsible for Roratonga Rodeo from the time of the parties' separation.  Although wife employed two managers to supervise Roratonga Rodeo at night, she was solely responsible for the financial, tax, and licensing aspects of the business. During the period of time wife was responsible for the club, husband opened a competing restaurant/bar across the street, and began preparations to open a third restaurant/bar on the same street.  As a result of these competing businesses, the gross sales of the Roratonga Rodeo dropped from roughly $20,000 per month to roughly $10,500 per month.  This evidence supports the court's decision to award wife 75% of the value of Roratonga Rodeo, and the court did not abuse its discretion in determining the equitable distribution award.

## III.

## Change of Custody

Finally, husband contends that the court erred in refusing to alter the child custody arrangement from wife's sole custody to joint custody.  The court found that no material change of circumstances had taken place which would justify modification of custody.  Our standard of review regarding a modification of custody is well established:

> On appeal, we review the evidence in the light most favorable to the prevailing party below. Peple v. Peple, 5 Va. App. 414, 422, 364 S.E.2d 232, 237 (1988).  "The trial court's decision, when based upon an ore tenus hearing, is entitled to great weight and will not be disturbed unless plainly wrong or without evidence to support it." Venable v. Venable, 2 Va. App. 178, 186, 342

6

S.E.2d 646, 651 (1986).

Hughes v. Gentry, 18 Va. App. 318, 321-22, 443 S.E.2d 448, 451 (1994).

In Keel v. Keel, 225 Va. 606, 611, 303 S.E.2d 917, 921 (1983), the Supreme Court of Virginia established the standard for modification of child custody on the basis of changed circumstances: "first, has there been a change in circumstances since the most recent custody award; second, would a change in custody be in the best interests of the children." In order to allow a change of custody, a change in circumstances must be material, i.e., "an actual change." Kaplan v. Kaplan, 21 Va. App. 542, 548, 466 S.E.2d 111, 114 (1996); see Featherstone v. Brooks, 220 Va. 443, 446, 258 S.E.2d 513, 515 (1979). The party seeking a change in custody bears the burden of proof. Hughes, 18 Va. App. at 322, 443 S.E.2d at 451.

Husband argues that Dillon's poor performance in school and wife's failure to facilitate Dillon's extracurricular activities constitute changed circumstances. Dillon's report card for the first semester of the 1996-97 school year shows that he received the highest grade in forty out of fifty areas of development, and received the second-highest grade on the remainder. The report card also shows that over the course of the semester, Dillon was absent three days and tardy four days. On one occasion, wife failed to take Dillon to the second day of a swim meet. We find that the court was within its discretion to find that this

7

evidence did not establish a material change of circumstances.

Husband argues that he has more time than wife to care for Dillon and that his superior availability, as well as an "informal" visitation arrangement between the parties, constitutes changed circumstances. Husband testified that he had become "redundant" at work and only worked five hours per day. Wife, however, only worked two nights a week. Wife maintained the court-ordered visitation schedule, with the exception of one occasion, on which she withheld husband's visitation in retaliation for husband retaining Dillon for an extra night without authorization. In addition to finding that husband's claims of superior availability had been previously adjudicated, the court found that they did not amount to a material change in circumstances. We find that this ruling is supported by evidence in the record, and we will not disturb the trial court's finding.

Husband also contends that wife's admission of marijuana use constitutes a material change in circumstances. Wife admitted that she had used marijuana "probably twice a year" and that her husband smokes marijuana occasionally. She stated, "My marijuana use does not impact Dillon at all." Contrary to husband's argument, wife did not admit that she or her husband has ever used marijuana while Dillon was present or in the house; indeed, she did not admit that she or her husband used it in their home. The court expressed its concern over wife's marijuana use, and ordered wife to present herself for substance abuse assessment,

and to successfully complete any treatment ordered. Given the evidence in the record, we cannot find that the court abused its discretion in finding that no material change of circumstances had occurred, and fashioning a remedy it found appropriate under the evidence presented. The court ordered wife to receive substance abuse treatment, and to refrain from using any illegal substances.

Finally, husband argues that the court erred in not finding that the best interests of the child required joint custody.[3] Before addressing the best interests of the child, a court must find a material change in circumstances. <u>Bostick v. Bostick-Bennett</u>, 23 Va. App. 527, 535, 478 S.E.2d 319, 323 (1996) (citing cases). If a court does not find a material change of circumstances, consideration of the "best interests" prong of the <u>Keel</u> test is barred by principles of <u>res judicata</u>. <u>Hiner v. Hadeed</u>, 15 Va. App. 575, 580, 425 S.E.2d 811, 814 (1993). Accordingly, the trial court properly refused to reach the issue of the best interests of the child, given that it did not find a material change in circumstances.

For the above reasons, we affirm the decision of the trial court.

<u>Affirmed.</u>

---

[3]Husband also argues that the court should have altered the visitation schedule. Husband did not present this argument to the trial court, and is thus barred from asserting it on appeal. Rule 5A:18.