BENTON, Judge,
concurring.
I agree with the majority that the consent order, which required the husband to pay child support, was entered prior to the spousal support award and, therefore, could not provide a basis to support a modification of the spousal support award. *180 Thus, I too would affirm the judgment entered December 11, 1998.
I do not join the suggestion contained in the last two paragraphs of the majority opinion that the husband’s moral obligation to support' the child, although not determined by court order, was a circumstance that, if proved at the August 6, 1997 hearing, might have entitled him to relief in the determination of spousal support. The order fixing his child support was the event that would constitute a change in circumstances that might have entitled him to relief in the determination of spousal support. Until that order was entered, his monetary obligation had not been determined; thus, the trial judge would have had no basis for assessing an expense in determining his spousal support obligation. Cf. Kaplan v. Kaplan, 21 Va.App. 542, 548, 466 S.E.2d 111, 114 (1996) (noting that the father’s knowledge at the time of the divorce proceeding of his future change in income did not bar the father’s petition to reduce support when the actual change in his income occurred after the divorce decree was entered).
Code § 20-108 permits the trial judge to modify a support order based upon a finding of a change in circumstances. The statute provides that “[t]he court may, from time to time after decreeing as [to custody and support of minor children], ... revise and alter the decree ... as the circumstances of the parents and benefit of the children may require.” Id. The statute also provides that “[n]o support order may be retroactively modified.” Id. Code § 20-108 reflects a policy that, absent special circumstances, the event giving rise to a petition for modification based on changed circumstances must occur “after [the trial judge has] decree[d] as provided in [Code] § 20-107.2.” Id. Cf. Hughes v. Gentry, 18 Va.App. 318, 321, 443 S.E.2d 448, 450 (1994) (holding that in applying Code § 20-108 in a custody proceeding the trial judge must determine “whether there has been a change of circumstances since the most recent ... award”).
In this case, the consent order, which gave rise to the husband’s obligation to support the child, was entered September 23, 1997, three weeks before entry of the divorce decree *181 fixing the amount of spousal support. Although the evidentiary hearing regarding spousal support had already occurred, the husband made no effort to present the consent order to the trial judge for consideration in setting spousal support. Clearly, if he had done so and had been unsuccessful in reopening the proceeding, see Rowe v. Rowe, 24 Va.App. 123, 144, 480 S.E.2d 760, 770 (1997) (holding that “[t]he granting or denying of a motion to hear additional evidence is within the sound discretion of the trial court”), this case would be in a different posture. This record, however, contains no evidence of circumstances that prohibited the husband from petitioning the judge in the divorce proceeding to consider the obligation created by the consent order before fixing the amount of spousal support. Thus, I concur in the judgment.[1]

. In her brief, the wife asserts that the final order was entered October 1, 1998. Thus, she contends we lack jurisdiction to hear this appeal because the notice of appeal was not timely filed. That claim lacks merit because the October 1, 1998 order merely directed "the Clerk ... to forthwith deliver the ... sum [of $4,190, which was deposited to assure the husband's compliance,] to George R. Barton upon proper identification.” The order entered December 11, 1998 denied "the motion of [the husband] seeking a decrease or suspension of spousal support.” Husband timely appealed from the December 11, 1998 order.