**Alexandria**

CHARLES P. SCHOENWETTER

v.

JOANNE SCHOENWETTER

No. 0606-88-4

Decided August 22, 1989

COUNSEL

Burke F. McCahill (Douglas L. Fleming, Jr., Hanes, Sevila, Saunders & McCahill, P.C., on brief), for appellant.

Robert R. Mitchell, Jr. (Hall, Monahan, Engle, Mahan & Mitchell, on brief), for appellee.

OPINION

**KEENAN, J.**—Charles P. Schoenwetter (husband) appeals from a decree in which the trial court increased his spousal and child support obligations. The issues presented in this appeal are: (1) whether the trial court had authority to modify the support order when the suit in which it was entered had been discontinued pursuant to Code § 8.01-335(A)[1]; (2) whether the trial court failed to consider the necessary requirements for modifying support; and (3) whether the amounts of support ordered constituted an abuse of discretion. We affirm the decision of the trial court based on our finding that it did have authority to modify the prior support order, and that the evidence in the record supports the court's de-

---

[1] Code § 8.01-335(A) provides: Any court in which is pending an action, wherein for more than two years there has been no order or proceeding, except to continue it, may, in its discretion, order it to be struck from its docket; and it shall thereby be discontinued. . . . Any case discontinued under the provisions of this subsection may be reinstated, on motion, and after notice to the parties in interest if known or their counsel of record, within one year from the date of such order but not after.

cision increasing spousal and child support.

The parties were divorced in December 1981. The divorce decree specifically reserved the matters of spousal and child support for later determination. In July 1982, the trial court set spousal support at $325 per month and total child support for the three minor children at $650 per month.

The record reflects that in 1983, two notices were filed for the taking of depositions. Also, in December 1983, Joanne Schoenwetter (wife) filed a response to the husband's request for production of documents. There were no further notices or pleadings filed in this case until January 1986 when the trial court sent notice to counsel, pursuant to Code § 8.01-335(A), of its intent to strike the case from the docket. In February 1986, the court entered an order discontinuing the case pursuant to Code § 8.01-335(A), based on its finding that no decree or proceeding had been taken in the cause for a period of more than two years.

In July 1986, the wife filed a new chancery action requesting an increase in spousal and child support. On February 17, 1988, the trial court conducted a hearing on the merits. Between 1982 and the hearing in 1988, two of the three minor children had become emancipated, leaving only one minor child to whom support was owed. The evidence showed that in 1982, the wife was unemployed and had no income. At the time of the 1988 hearing, she had an $840 net monthly income. The husband's net monthly income in 1982 was $2,786. As of February 1988, his net monthly income had risen to $6,186. The wife submitted a 1988 monthly expense statement showing $2,872.40 in expenses for herself and her minor daughter. The husband's 1988 income and expense statement showed monthly expenses of $6,374.

■ The husband first argues that the trial court did not have authority to modify the 1982 support order because the suit in which it was entered had been discontinued under Code § 8.01-335(A). We disagree based on our finding that the order discontinuing the divorce suit was void. As its language plainly provides, Code § 8.01-335(A) applies only to pending actions. It does not apply to suits in which a final order or decree has been entered. As stated by the Supreme Court in *Nash v. Jewell*, 227 Va. 230, 234, 315 S.E.2d 825, 827 (1984): "[T]he purpose of Subsection A [Code § 8.01-335] is to enable trial courts to identify cases which

litigants or their counsel are not interested in pursuing to a conclusion."[2]

■ In the case before us, we find that the trial court improperly used Code § 8.01-335(A) to strike a suit in which a final decree had been entered. A decree or order is void if the character of the judgment was beyond the power of the court to render, or if the mode of procedure employed by the court was not one that it could lawfully use. *Lapidus v. Lapidus*, 226 Va. 575, 579, 311 S.E.2d 786, 788 (1984). Here, the trial court employed a mode of procedure to discontinue a case that clearly did not fall within the authorization of the statute. For this reason, we find that the order of discontinuance entered in this case was void.

Since the divorce suit could not be dismissed by the trial court, it remained a viable case on the court's docket. We find that the wife's new bill of complaint requesting modification of the 1982 support order operated to reactivate the issue of support before the trial court, which then had the authority under Code §§ 20-108 and 109 to modify child and spousal support.[3]

The husband next argues that the trial court failed to apply the proper standards for modifying spousal and child support. He contends that the trial court considered only the present circumstances of the parties and failed to make an initial determination whether there had been a material change in the parties' circumstances. The wife asserts that since neither party disputed that there had been a change in circumstances, and since the record contains ample evidence supporting the existence of such changed circumstances, this issue was in effect conceded by the husband in the trial court.

---

[2] *Nash v. Jewell* involved a law action in which the plaintiff sought damages for personal injury arising out of an automobile accident. In its opinion in this case, the Supreme Court stated that Code § 8.01-335(A) gives trial courts authority to strike law actions from their dockets. *Id.* at 234, 315 S.E.2d at 827. We believe that the Supreme Court did not intend by its language in *Nash v. Jewell* to sanction the use of Code § 8.01-335(A) in law actions, and reject its use in chancery suits, but was merely discussing subsection A in context of the law action presented before it in that case. Since "action" and "suit" are defined interchangeably in Code § 8.01-2, we believe that Code § 8.01-335(A) may be employed in both law and chancery cases.

[3] We note that a new bill of complaint was not necessary to reactivate the issue of support before the trial court. Instead, the wife could have simply filed a petition for this purpose pursuant to Code § 20-112.

The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support. *Yohay v. Ryan*, 4 Va. App. 559, 566, 359 S.E.2d 320, 324 (1987). There is extensive evidence in the record before us that both parties had experienced material changes in both their income and expenses. By the date of the hearing, the husband's net income had increased by $3,400 per month. The wife's 1988 income had increased by $840 per month. In February 1988, the husband's monthly expenses were listed at $6,374. The wife's expense statement showed monthly expenses of $2,872.40. Although the trial court's letter opinion simply referred to its "review of the present circumstances of the parties," we believe that the record supports a finding that this statement was predicated upon an implicit determination that the parties' circumstances had materially changed. Since both parties alleged in their pleadings a material change in circumstances, and the evidence of such change was ample and unrefuted, we find that the trial court's failure to find specifically on the record that there was a material change in circumstances does not invalidate its support order.

The husband also argues that the trial court abused its discretion in awarding increases in spousal and child support. He claims that the testimony showed that the wife's and daughter's monthly expenses were $2,277.40, not $2,872.40 as indicated in the wife's income and expense statement. The husband argues that when added together, the wife's monthly net income and support received from the husband exceed her monthly expenses. Therefore, the husband argues that the spousal and child support ordered by the trial court was plainly wrong. He also argues that the trial court did not receive sufficient evidence regarding the needs of the child.

On review, we consider the evidence in the light most favorable to the party prevailing in the trial court. Where the trial court's decision is based upon an *ore tenus* hearing, its determination will not be disturbed on appeal unless it is plainly wrong or without evidence in the record to support it. *Simmons v. Simmons*, 1 Va. App. 358, 361, 339 S.E.2d 198, 199 (1986).

In the case before us, we find that the trial court's determination of spousal support was not plainly wrong. The spousal and child support ordered by the court totaled $1,550. The record

before us contains testimony by the wife that some of the expenses listed on her income and expense statement were not attributable to her or the minor child, but instead were for another daughter who was then over eighteen years of age. Based on that testimony, approximately $485.16 of the expenses listed on the wife's statement were expenses for the parties' adult daughter. These expenses included food expenses of $200, an allowance of $43, clothing expenses of $37.50, bus and taxi costs of $125, medical expenses of $33, and lunch costs of $46.66. When these expenses are deducted from the wife's income and expense statement, there is a remaining balance of $2,387.24. After subtracting the wife's net monthly income of $840, the expenses for herself and the minor child shown by the evidence totaled $1,547.24.

Based upon the above-stated amounts, we find that the support order entered in this case was not plainly wrong or without evidentiary support, and that the $2.76 difference between the amount of support ordered and the evidence of need shown by the wife is *de minimis* and does not warrant reversal of this cause. Further, we find that the trial court did not abuse its discretion or commit an injustice in setting the amount of support ordered. *See Gagliano v. Gagliano*, 215 Va. 447, 451, 211 S.E.2d 62, 65 (1975). Finally, we find that although most of the evidence received by the trial court related to the combined needs of the wife and the minor child, the court was nonetheless presented with sufficient evidence of the needs of the minor child to set child support in this case.

For the reasons stated, the decision of the trial court is affirmed.

*Affirmed.*

Barrow, J., and Duff, J., concurred