COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


BARRIE ALAN GILLIS
                                        MEMORANDUM OPINION[*]
v.   Record No. 2290-95-4                  PER CURIAM
                                          MAY 14, 1996
BARBARA SWEENEY GILLIS


                                    FROM THE CIRCUIT COURT OF
FAIRFAX COUNTY
                        Stanley P. Klein, Judge

          (Daniel J. Glanz, on briefs), for
          appellant.

          (James A. Watson II; Surovell, Jackson,
          Colten & Dugan, on brief), for appellee.


     Barrie Alan Gillis (husband) appeals the decision of the

circuit court denying his motion to reduce or terminate spousal

support paid to Barbara Sweeney Gillis (wife).  Husband raises

three issues on appeal: (1) whether the trial court erred in

considering wife's expenses relating to the former marital home;

(2) whether the trial court erred in considering the college and

other expenses paid by the wife for the benefit of the parties'

adult son; and (3) whether the trial court erred by awarding

support which exceed wife's reasonable expenses minus her actual

and imputed income.  Upon reviewing the record and briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Rule 5A:27.

Code § 20-109 provides that "upon petition of either party the court may increase, decrease or terminate spousal support and maintenance that may hereafter accrue . . . as the circumstances may make proper."  "The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support."  Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989).  "When a trial court hears evidence ore tenus, its findings are entitled to the weight of a jury verdict, and will not be disturbed on appeal unless plainly wrong or without evidence to support them."  Floyd v. Floyd, 1 Va. App. 42, 45, 333 S.E.2d 364, 366 (1985).

Husband sought a reduction in the monthly spousal support he paid to wife, alleging that the decrease in wife's expenses and increase in her income constituted a material change in circumstances justifying a reduction or termination of spousal support.  Husband did not allege that he was unable to pay the amount of support initially awarded.  The trial court found that there had been a material change in circumstances, but that this change did not warrant a reduction in the amount of spousal support.

### Mortgage Expenses

Husband contends that, by considering wife's expenses related to the former marital home, the trial court erroneously

2

held husband responsible for obligations assigned to wife as part of the parties' equitable distribution.  See Gamble v. Gamble, 14 Va. App. 558, 576-77, 421 S.E.2d 635, 646 (1992).  Husband's contention confuses the division of the parties' marital assets, under which wife was assigned both the equity and the debt associated with the former marital home, with his obligation under the final decree to continue to contribute to wife's reasonable living expenses.  Unlike the situation in Gamble, the record does not demonstrate that the amount of spousal support "effectively required [husband] to satisfy the mortgage obligations on the marital home he was required to convey to [wife]."  Id. at 577, 421 S.E.2d at 647.

The trial court examined the evidence relating to wife's expenses, considered the additional statutory factors, and ruled that there had not been a material change in circumstances warranting a reduction in support.  Its decision was supported by evidence and is not plainly wrong.

### Expenses Relating to Adult Son

In its oral ruling on husband's motion, the court noted that husband had previously included amounts he paid for his son's college education among his debts and expenses, and that "it was principally [husband] who testified that he had made a commitment to his children to pay for their college educations."  The court noted that it had considered those costs as an expense to be borne by both parties at the time support was initially computed.

3

Husband discontinued payment of his son's expenses upon entry of the final decree of divorce. The court did not find credible husband's assertion that he discontinued those payments because of the amount of permanent spousal support awarded, noting that previously husband was paying support pendente lite.

The college expenses of the parties' son were presented to the court as a reasonable expense and were considered by the court in its initial deliberations. Therefore, we find no error in the court's inclusion of these costs as reasonable expenses for wife during its review of husband's motion to reduce support.

Amount of Support

The trial court noted in its oral ruling on husband's motion that husband had raised many of the same issues in his initial motion for reconsideration. In both instances, the court rejected husband's attempts to set spousal support based solely upon a mathematical calculation rather than upon a consideration of the statutory factors as a whole. The court found no material change in circumstances warranting a change in the amount of support. This decision is supported by evidence and is not plainly wrong.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.