COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

BADRI N. DAS

v.   Record No. 2656-96-4

PUSHP L. DAS

MEMORANDUM OPINION[*]
PER CURIAM
MAY 13, 1997

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Paul F. Sheridan, Judge

(Ted Kavrukov; Kavrukov, Mehrotra & DiJoseph,
on briefs), for appellant.

(Edward Ellis Zetlin; Legal Services of
Northern Virginia, on brief), for appellee.


     Badri N. Das (husband) appeals the decision of the circuit
court denying his motion to eliminate or reduce spousal support
paid to Pushp L. Das (wife).  Upon reviewing the record and
briefs of the parties, we conclude that this appeal is without
merit.  Accordingly, we summarily affirm the decision of the
trial court.  Rule 5A:27.

     The parties signed a settlement agreement which was
incorporated into the final divorce decree.  Pursuant to that
agreement, at the time of the hearing, husband paid wife $600 in
monthly spousal support.  Prior to husband's retirement, wife
received health insurance through husband's employment.  The
parties' agreement also provided that "[b]ased on retirement,
relocation, or other similar circumstances, the parties reserve

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the right to request revision of spousal support under Rule 109."

Code § 20-109 provides that "upon petition of either party the court may increase, decrease or terminate spousal support and maintenance that may thereafter accrue . . . as the circumstances may make proper."  "The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support."  Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989).

Husband testified that since the entry of the divorce, he had retired and remarried.  He continued to need domestic help at the cost of $100 per month because of his peptic ulcer.  His monthly retirement income was $1,998.

Wife earned $850 per month as a child care provider, but her employment required her to relocate.  Wife had monthly rental income of $1,250 but related expenses of $1,413.  Wife also had heart disease requiring daily medication and, since husband's retirement, paid $145 per month for health insurance.  After reaching age sixty-two, wife began to draw $406 in monthly Social Security, which was her only retirement income.  Wife's monthly income from work, rental property and Social Security totaled $2,506.

The trial court found that husband was not required to provide health insurance coverage for wife after his retirement.  The court denied husband's motion to reduce or eliminate spousal

2

support.  Credible evidence in the record supports this conclusion.  Both husband and wife were over sixty years old, but while husband was retired, wife was required to continue her employment without which her income would have fallen to less than $1,700.  Wife had no retirement benefits other than Social Security, although she received a one-time lump sum payment of approximately $13,500 prior to the parties' divorce.  The income wife earned from the rental property did not exceed her mortgage expenses.  Wife also was now responsible for monthly health insurance premiums of $145.

"When a trial court hears evidence ore tenus, its findings are entitled to the weight of a jury verdict, and will not be disturbed on appeal unless plainly wrong or without evidence to support them."  Floyd v. Floyd, 1 Va. App. 42, 45, 333 S.E.2d 364, 366 (1985).  The trial court's findings are neither plainly wrong nor unsupported by evidence.  Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.