COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick


BRENDA LOUISE HUNTER

                                        MEMORANDUM OPINION[*]
v.   Record No. 0773-97-1                  PER CURIAM
                                        SEPTEMBER 9, 1997
DARRELL EUGENE HUNTER


            FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                    Christopher W. Hutton, Judge

            (Frederic L. Moschel; Cumming, Hatchett &
            Jordan, on brief), for appellant.

            (Stephen F. Forbes, on brief), for appellee.


     Brenda Louise Hunter (wife) appeals the trial court's

decision to reduce her spousal support.  Wife contends that the

trial court abused its discretion (1) by failing to include as

financial resources of Darrell Eugene Hunter (husband) all income

tax overpayments, voluntary pension contributions and earnings,

and monetary contributions made by his live-in girlfriend; and

(2) in finding a material change in circumstances justifying a

reduction in spousal support.  Upon reviewing the record and

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision of the

trial court.  Rule 5A:27.

                       Determination of Income

     Wife contends that the trial court abused its discretion by

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

failing to include in its determination of husband's income all estimated income tax overpayments made by husband's corporation, all monetary contributions by husband's live-in girlfriend, and all retirement fund contributions and earnings. We disagree.

The evidence established that husband's earnings, as reported on his 1996 W-2, were $83,170. The trial court determined that, due to some portion of the additional payments received by husband or retained by his corporation, husband's income was $90,925. It is apparent that the trial court found credible husband's explanations concerning the corporation's financial management, including the retained earnings and tax overpayments. Also, the trial court heard the evidence in 1995 and was aware of the fluctuations in husband's business.

Contributions to living expenses made by husband's live-in girlfriend were strictly voluntary contributions. There is no statutory basis to require the trial court to include these voluntary contributions in husband's income. See Code § 20-107.1(1).

Based upon the evidence presented at the hearing and the trial judge's familiarity with the case, the judge ruled that husband's income was higher than that reported on his 1996 W-2 statement. The court was not required to incorporate in husband's income all items identified by wife, particularly in light of the demonstrated fluctuations in husband's business. We cannot say that the trial court's determination of husband's

2

income was an abuse of discretion or was unsupported by the evidence.

## Reduction of Spousal Support

Code § 20-109 provides that "upon petition of either party the court may increase, decrease or terminate spousal support and maintenance that may thereafter accrue . . . as the circumstances may make proper." "The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989).

Wife contends that the trial court abused its discretion in finding that husband established a material change in circumstances sufficient to justify a reduction in her monthly spousal support from $1,338 to $936. However, based upon the evidence heard ore tenus, the trial court found that there was a material change in circumstances from those in existence at the time of the last hearing. The court noted that husband's fluctuations in income were not as wide ranging as previous fluctuations, and also noted that the parties presented differing evidence as to their respective incomes.

Wife's earnings had increased, although wife testified that the store where she worked would be replaced by another store and she was not guaranteed employment at the new store. While wife testified that her monthly expenses totaled approximately $3,500 and were substantially unchanged from the time of the last hearing, husband presented evidence that wife's monthly

4

expenditures were closer to $2,000. Wife testified that she had drawn $9,700 on a $15,000 equity line of credit to make home repairs, but she did not testify concerning any effect on her monthly expenses. Wife denied living with her boyfriend and denied receiving any financial assistance from him, although she admitted he contributed to some household food expenses.

Evidence supported the court's conclusion that husband's income had declined and wife's income had increased since the last hearing. Accordingly, the trial court did not abuse its discretion in determining that there was a material change in circumstances. Similarly, in light of the evidence found credible by the trial court, we cannot say that the court's $400 reduction in monthly spousal support was an abuse of discretion.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

5