COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

ROBERT C. TINDALL

MEMORANDUM OPINION*

v.    Record No. 2776-96-1               PER CURIAM
                                      SEPTEMBER 30, 1997

LYNNE L. TINDALL

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Alan E. Rosenblatt, Judge

(Moody E. Stallings, Jr.; Kevin E.
Martin-Gayle; Stallings & Richardson, on
brief), for appellant.

(Glenn R. Croshaw; T. Scott McGraw; Willcox &
Savage, on brief), for appellee.


Robert C. Tindall (husband) appeals the decision of the
circuit court denying his motion to reduce the monthly spousal
support he pays to Lynne L. Tindall (wife).  Husband contends
that the trial court erred in finding that he failed to prove a
material change in circumstances, warranting a reduction in
spousal support.  Upon reviewing the record and briefs of the
parties, we conclude that this appeal is without merit.
Accordingly, we summarily affirm the decision of the trial court.
See Rule 5A:27.

As the party seeking a modification of spousal support
pursuant to Code § 20-109, husband bore the burden "to prove both
a material change in circumstances and that this change warrants

---

*Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989). Husband stipulated that he remained able to pay $4,000 a month in spousal support as previously ordered. He argued, however, that wife had reduced her monthly expenses, and that the reduction in her needs constituted changed circumstances warranting a decrease in support.

According to the statement of facts, the evidence established that wife sold the former marital residence which she had received upon entry of the final decree of divorce. She used the proceeds from the sale to purchase a condominium, thereby eliminating her mortgage payments. Wife testified that this action was a form of "estate planning" designed to hold down her monthly expenses.

The evidence also proved that when wife's monthly mortgage payment ceased, her tax liability increased by $300 to $400 per month because she could no longer claim the related interest deduction. Furthermore, the statement of facts recites that "[w]ith other expenses increasing and the loss of the mortgage deduction, the expenses of the [wife] had not changed significantly since 1992." On this evidence the trial court found that husband failed to prove that there had been a material change in circumstances.

Because the statement of facts recites evidence that supports the order, the judgment of the trial court is summarily

affirmed.                                              <u>Affirmed.</u>