COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Willis

RENATA MARYANN NAYDOCK BIBB

v.   Record No. 1918-97-4

RICHARD EUGENE BIBB

MEMORANDUM OPINION[*]
PER CURIAM
FEBRUARY 17, 1998

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
David T. Stitt, Judge

(Peter M. Fitzner; Shoun & Bach, on briefs),
for appellant.

(J. Patrick McConnell; Elizabeth L. Salans;
Odin, Feldman & Pittleman, on brief), for
appellee.


Renata Maryann Naydock Bibb appeals the decision of the
circuit court denying her motion to increase the monthly spousal
support she receives from her former husband, Richard Eugene
Bibb.  The wife contends that the trial judge erred in failing to
increase spousal support.  In his brief, the husband raises as an
additional question whether the trial judge erred when he reduced
the monthly income imputed to the wife from $1,042 to $283.  Upon
reviewing the record and briefs of the parties, we conclude that
this appeal is without merit.  Accordingly, we summarily affirm
the decision of the trial court.  See Rule 5A:27.

Code § 20-109 provides that "upon petition of either party
the court may increase, decrease or terminate spousal support and

_____

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

maintenance that may thereafter accrue . . . as the circumstances may make proper."  In seeking a modification, "[t]he moving party . . . is required to prove both a material change in circumstances and that this change warrants a modification of support."  Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989).

The wife filed a petition to increase child support and spousal support, alleging an increase in the husband's earnings.  The trial judge found that the husband's increased earnings warranted an increase in monthly child support from $691 to $1,145, retroactive to the filing of the petition.  The trial judge denied any increase in spousal support and awarded the wife $10,000 in attorney's fees.

The evidence proved that the husband's earnings have increased.  The husband's earnings were $180,000 in 1993, $178,000 in 1994, and $204,000 in 1995.  The trial judge found that the husband's 1996 earnings were an aberration and found it appropriate to use $250,000 as the amount of the husband's 1996 earnings when computing child support.

When the trial judge set the original award in 1994, the trial judge imputed $25,000 in income to the wife.  In her current petition, the wife asserted that she no longer enjoyed the middle-class standard of living enjoyed by the parties during the marriage and that she was unable to earn income at the imputed level of $25,000.  The wife contended that she needed

2

additional assistance to help her purchase a new car, new clothes, and a new computer to be successful in her chosen career as a real estate agent.

Although the evidence indicated that the wife's financial well-being had decreased and the husband's had increased, those facts alone do not mandate an increase in spousal support. The trial judge found that the wife bore responsibility for her decreased financial well-being. The wife testified that she worked forty to sixty hours a week as a real estate agent since June 1996. However, the wife testified that she had decided not to seek any employment other than that as a real estate agent and that she applied for only one job since the divorce. The trial judge was not required to accept her belief that her mental depression prevented her from engaging in regularly scheduled work and only permitted her to sporadically sell real estate. The trial judge heard and saw the parties testify and did not find credible the wife's contention that her depressed state made her incapable of seeking other, more reliable, employment, but did not keep her from working forty to sixty hours a week as a real estate agent.

The trial judge's findings are supported by credible evidence. Therefore, we cannot say that the trial judge erred by refusing to find that changed circumstances justified an increase in spousal support.

### Reduction in Imputed Income

The husband contends that the trial judge erred by reducing the income imputed to the wife when calculating child support. We disagree. The trial judge calculated the child support payments pursuant to the guidelines found in Code § 20-108.2, which are presumed to be correct. <u>See</u> Code § 20-108.1(B). The trial judge elected not to deviate from the guidelines by imputing income to the wife. Based upon the circumstances as they existed at the time of the hearing, we cannot say the trial judge erred in failing to impute income to the wife.

Accordingly, we summarily affirm the decision.

<u>Affirmed</u>.