COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


JERRY L. GENTRY

                                              MEMORANDUM OPINION*
v.    Record No. 2222-97-3                        PER CURIAM
                                                APRIL 28, 1998
FAYE J. CAMPBELL


            FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
                     Thomas H. Wood, Judge

        (Ronald R. Tweel; Elizabeth P. Coughter;
        Michie, Hamlett, Lowry, Rasmussen & Tweel, on
        brief), for appellant.

        (Victor V. Ludwig; Nelson, McPherson,
        Summers & Santos, on brief), for appellee.



     Jerry L. Gentry appeals the decision of the circuit court

denying his motion to reduce child support paid to Faye J.

Campbell, and granting Campbell's motion to increase child

support.  Gentry contends that the trial court erred by failing

to consider the uncontradicted testimony of his expert witness

concerning the financial records of his corporation.  Upon

reviewing the record and briefs of the parties, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the decision of the trial court.  See Rule 5A:27.

     Gentry sought to reduce his child support payment of $610.61

by presenting evidence to support a downward deviation from the

statutory guidelines.  See Code §§ 20-108.1 and 20-108.2.

_____

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Specifically, Gentry presented evidence relevant to Code § 20-108.1(B)(5), "[d]ebts incurred for production of income," and Code § 20-108.1(B)(18), "[s]uch other factors, including tax consequences to each party, as are necessary to consider the equities for the parents and children."  Gentry relied upon the testimony of a certified public accountant, who testified that there had been a change in the cash flow of appellant's business, of which appellant was the majority stockholder.

"The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989).  The trial court found that there had been a material change in circumstances and that the change warranted an increase in support.

Gentry contends that the trial court erred by failing to accept the testimony of his expert witness, whose testimony Gentry contends was uncontradicted and unimpeached.  We disagree. The accountant testified that the cash flow of appellant's business reduced appellant's ability to pay child support. However, the accountant also testified that, to the best of his knowledge, appellant's 1996 draft tax return was accurate and would be filed without modification.  That return showed Gentry's gross income for 1996 to be $51,917.  In addition, a personal financial statement, dated September 12, 1995, and signed by

Gentry, showed his net income to be $86,220.

The trial court was entitled to determine what weight to afford the testimony of Gentry's accountant.

> It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony. Further, the fact finder is not required to accept the testimony of an expert witness merely because he or she has qualified as an expert. In determining the weight to be given the testimony of an expert witness, the fact finder may consider the basis for the expert's opinion.

Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668-69 (1997) (en banc) (citations omitted). Other evidence supports the trial court's finding that Gentry's gross income was $52,000. Because the trial court's finding was supported by credible evidence, we find no error.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

3