COURT OF APPEALS OF VIRGINIA


Present: Judge Kelsey, Senior Judge Bumgardner and Retired Judge Fitzpatrick[*]


WILLIAM R. ARMSTRONG, III

v.      Record No. 2455-05-4

PATRICIA J. HOOVER, F/K/A
    PATRICIA HOOVER ARMSTRONG

MEMORANDUM OPINION[**]
PER CURIAM
APRIL 11, 2006


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Kathleen H. MacKay, Judge

(Gwena Kay Tibbits; Law Offices of Gwena Kay Tibbits, on
briefs), for appellant.

(Valerie E. Hughes; Byrd Mische Joseph & Rank, P.C., on brief),
for appellee.


In this appeal, William R. Armstrong, III contends the trial court committed reversible

error by:

> (A) imposing sanctions on him when he was not found in contempt;
>
> (B) abusing its discretion by selecting a school for his minor child;
>
> (C) ruling on changes to the existing custody order after finding that
> it had no authority to make such changes; and
>
> (D) abusing its discretion in the conduct of a hearing on a rule to
> show cause.

Upon reviewing the record and briefs, we conclude this appeal is without merit. Accordingly,

we summarily affirm the decision of the trial court. See Rule 5A:27.

---

[*] Judge Fitzpatrick participated in the decision of this case prior to the effective date of
her retirement on March 31, 2006.

[**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Appellant (father) and Patricia Hoover (mother) were married on June 9, 1995. A son, William R. Armstrong, IV, was born of the marriage January 10, 2000. The parents separated in February 2002 and continued to live separate and apart in the same residence until shortly after the final decree of divorce was entered June 11, 2004.

A February 2004 custody order settled all matters of custody and visitation between the parents. The order awarded father custody of the child from Saturdays until Wednesdays, with mother having custody for the remainder of the week. The order awarded joint legal and physical custody and directed both to communicate with each other with regard to all decisions. The custody order, however, did not detail the decision making process for choosing a school in the event the parents disagreed.

The child attended a preschool during the parties' in-house separation and continued to do so through the 2004-2005 school year. In early 2005, the parties discussed where the child would be enrolled for kindergarten, but they could not agree. Father wanted the child to attend Belleview Elementary School, which his stepson attends, while mother wanted the child to attend Waynewood Elementary School. The parties live near one another, and both schools are nearby. After consulting with Fairfax County School officials, father unilaterally enrolled the child in kindergarten at Belleview.

Mother filed a petition for entry of a rule to show cause why father should not be held in contempt for, *inter alia*, unilaterally enrolling the child in an elementary school against mother's wishes. At the rule to show cause hearing, the trial judge found that father had violated "the spirit of the custody order" by unilaterally enrolling the child in Belleview. Because he had not violated any of the custody order's express provisions, the trial court declined to hold father in contempt.

Regarding the issue of the choice of school, the trial judge stated, "So the issue of school is in front of me, and I'm going to decide it, because that's the issue in this case." Later in the proceeding, the trial judge stated, "The sanction for today. I'm going to make a decision as to the school and as to sports, because those are issues that you can't seem to work out." The trial judge then heard extensive testimony from the parties regarding their choices of elementary schools. The testimony included comparisons of test scores, transportation arrangements, whether it would be in the child's best interest to attend school with his stepbrother, the proximity of the schools to the parties' homes, as well as other considerations such as sports and friends.

The trial court found that attending Waynewood would be in the child's best interests because of the school's higher test scores, because mother's nearby home had been his primary residence since he was nine months old, and because the parents, when together, had moved into that neighborhood with the intention of enrolling the child at Waynewood.

II.

*Issues (A) & (B)*. In his first two assignments of error, father contends the trial court erred by imposing sanctions when he was not found in contempt of the custody order and abused its discretion by selecting a school for the minor child.

> On review, we consider the evidence in the light most favorable to the party prevailing in the trial court. Where the trial court's decision is based upon an *ore tenus* hearing, its determination will not be disturbed on appeal unless it is plainly wrong or without evidence in the record to support it.

Schoenwetter v. Schoenwetter*, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989).

The "sanction" of choosing the child's school was inappropriate, father argues, because the trial judge did not find that he was in contempt of the custody order. Father mischaracterizes the trial judge's ruling as a sanction, however. The parents were at an impasse regarding the

child's choice of school. The trial judge's ruling was not a sanction based on appellant's contempt of the custody order, but arose from the court's authority under Code § 20-108. Although the trial judge used the term "sanction," she nonetheless ruled based on the child's best interests, as she was required under the statute. Code § 20-108 "gives a divorce court continuing jurisdiction, after a final decree of divorce has been entered, to modify its decree with respect to the custody and maintenance of minor children." Edwards v. Lowry, 232 Va. 110, 112, 348 S.E.2d 259, 261 (1986). As father concedes on brief, the trial judge ruled after considering "exhaustive" testimony on each school. The trial judge carefully considered the testimony and fashioned an appropriate remedy that comported with the child's best interests. The trial judge did not abuse her discretion in selecting the school for the child. Because the evidence supports the trial court's ruling, we will not disturb it on appeal. Schoenwetter, 8 Va. App. at 605, 383 S.E.2d at 30.

*Issue C.* Contrary to father's assertion, the trial judge was clearly aware of her authority to rule on the issue, she stated unequivocally, "So the issue of school is in front of me, and I'm going to decide it, because that's the issue in this case." As we stated *supra*, the record supports the conclusion that the trial judge acted within her discretion under Code § 20-108.

*Issue D.* Father fails to present a cognizable argument concerning how the trial judge abused her discretion in the conduct of the hearing on the Rule to Show Cause. "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not search the record for errors in order to interpret appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992); see also Rule 5A:18; Rule 5A:20(e) (requiring appellants to brief the "principles of law, the argument, and the authorities relating to each question presented").

For these reasons, we summarily affirm the trial court's rulings.

Affirmed.