COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, Alston and Senior Judge Coleman


STEPHEN B. LANE

MEMORANDUM OPINION[*]

v.      Record No. 0951-09-4                    PER CURIAM
                                                SEPTEMBER 15, 2009

ROBIN B. LANE


FROM THE CIRCUIT COURT OF CULPEPER COUNTY
John G. Berry, Judge

(Elizabeth P. Coughter; Michie Hamlett Lowry Rasmussen & Tweel
PLLC, on briefs), for appellant.

(Lawrence D. Diehl; Brandy M. Poss; Barnes & Diehl, P.C., on
brief), for appellee.


        Stephen B. Lane (husband) appeals an order denying his motion to modify spousal support.

Husband argues that the trial court erred by (1) failing to modify spousal support because husband,

through no fault of his own, experienced a significant reduction in income; and (2) finding that

Robin B. Lane (wife) made a good faith effort to find employment.  Upon reviewing the record and

briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily

affirm the decision of the trial court.  See Rule 5A:27.

BACKGROUND

        Husband and wife married in 1973 and separated in 1997.  On June 2, 1999, the parties

entered a separation agreement (the Agreement), which provided that husband would pay $6,000

per month to wife in spousal support.  The Agreement further stated:

        Robin agrees to make a good faith effort to obtain a job so that she
        may become more financially self-sufficient.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

\* \* \* \* \* \* \*

> If Steve's income is reduced substantially through no voluntary act on his part, the amount of spousal support to be paid shall be subject to renegotiation and modification within six weeks of such a reduction. If Steve and Robin are unable to agree as to the amount of support to be paid, then they agree to return to mediation in an attempt to resolve these issues before taking any legal action.

The Agreement was incorporated into the final decree of divorce, which was entered on August 10, 1999.

In 1999, husband was a CEO for a company called Omni Services. He earned approximately $517,427 in 1999. In 2002, another company, Cintas, purchased Omni Services. Husband received $14,800,000 from the sale.[1] Beginning in 2003, husband purchased, improved, and sold high-end residential real estate projects and invested in the stock market. In 2007 and continuing until the hearing in 2008, husband's income decreased due to changes in the economy and the real estate market. In 2008, husband lost 32% of the value of his investment account, and he had not received any income from the sale of real estate. Husband had to draw down the principal in his investment account to meet his expenses.

Since the divorce, wife entered the real estate business. In 2003, wife was diagnosed with cancer. As a result of her cancer diagnosis and the change in the real estate market, wife was unable to sustain a career in real estate.

Husband sought to modify his spousal support due to a change in his income. The trial court ruled that husband did not voluntarily reduce his income and that there was a material change of circumstances. However, the trial court held that the change in circumstances did not warrant a modification of spousal support. The trial court also held that wife made a good faith effort to obtain a job to become more financially self-sufficient.

---

[1] The amount he received after taxes was $11,200,000.

The trial court denied husband's motion to modify the spousal support award, and husband appealed.

ANALYSIS

Modification of Spousal Support

Husband argues that the trial court erred in denying his motion to modify spousal support. He contends that his reduction in income was sufficient to warrant a reduction in spousal support.

"We will not disturb the trial court's decision where it is based on an *ore tenus* hearing, unless it is 'plainly wrong or without evidence in the record to support it.'" Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (quoting Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989)).

"Code § 20-109(C) expressly limits the court's authority to modify an agreed upon spousal support award according to the terms of a stipulation or contract signed by the parties." Blackburn v. Michael, 30 Va. App. 95, 100, 515 S.E.2d 780, 783 (1999). The parties' Agreement allowed for a modification of spousal support when husband's income decreased through no fault of his own. The trial court determined that husband's income decreased because of changes in the economy and the real estate market, and not through any fault of his own. Therefore, the trial court had the authority to modify spousal support.

"The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." Schoenwetter, 8 Va. App. at 605, 383 S.E.2d at 30 (citation omitted). The material change in circumstances "must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay." Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452 (1988).

Here, the trial court held that husband's change in income was a material change of circumstances. Since the divorce, husband sold his company and invested the proceeds in the stock market and in real estate. The trial court specifically found that husband's investment choices at the time were "a very good decision." However, the stock market and real estate market declined in 2007 and 2008, and husband's investments and income decreased.

Having held that there was a material change of circumstances, the trial court next looked to whether the change in circumstances warranted a reduction in spousal support. Among other factors, the trial court examined the parties' financial resources, husband's investment choices, and the parties' property interests. Contrary to husband's assertions, the trial court specifically held that it was not ordering husband to invade the principal of his assets to meet his support obligation. The trial court acknowledged that husband made what appeared to be prudent investment choices by investing in the stock market; however, husband also had to accept the risk of such an investment. The trial court also noted that husband had a much greater earning capacity than wife because he made "good business decisions." The trial court also examined the parties' standard of living. Husband's standard of living was better now than it was at the time of the divorce, whereas wife's standard of living had declined. The trial court also considered the parties' health. Husband was in good health, but since the divorce, wife had been diagnosed with cancer. The trial court concluded that wife had a greater need for support now than she did at the time of the divorce, and husband did not have a diminished ability to pay support, despite the downturn in the economy.

Not every material change of circumstance justifies a modification of spousal support. See Blackburn, 30 Va. App. at 103, 515 S.E.2d at 784. The evidence supports the trial court's ruling that husband's change in income did not warrant a reduction in spousal support.

<u>Wife's good faith effort to find a job</u>

Husband argues that the trial court erred in finding that wife made a good faith effort to obtain a job so that she could become more financially self-sufficient.

"It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." <u>Street v. Street</u>, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*). Here, the trial court accepted wife's testimony regarding her efforts to become financially self-sufficient.

Husband argues that despite wife's cancer diagnosis, wife had not made a good faith effort to find a job. Wife was diagnosed with cancer in 2003 and underwent treatment until 2007. Prior to her diagnosis, wife was a real estate agent and, like husband, was "a victim of the same downturn in the market." The trial court found that wife was becoming self-sufficient as a real estate agent prior to her cancer diagnosis and change in the real estate market.

The evidence supports the trial court's ruling that wife made a good faith effort to obtain employment.

<u>Attorney's fees</u>

Both parties have requested an award of attorney's fees and costs incurred on appeal. <u>See</u> <u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, we decline to award either party attorney's fees and costs on appeal.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

<u>Affirmed.</u>