COURT OF APPEALS OF VIRGINIA

Present:    Judges Petty, Alston and Senior Judge Willis
Argued at Richmond, Virginia


ANA B. JAMISON

                                      MEMORANDUM OPINION[*] BY

v.    Record No. 2785-09-2      JUDGE JERE M.H. WILLIS, JR.
                                              JULY 6, 2010

HOWARD GOLD JAMISON


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Michael C. Allen, Judge

Henry W. McLaughlin (Central Virginia Legal Aid Society, Inc., on
brief), for appellant.

No brief or argument for appellee.


On appeal from the suspension of Howard Gold Jamison's (husband) obligation to her for

spousal support, Ana B. Jamison (wife) contends the trial court erred in finding a material change of

circumstances since entry of the parties' final decree of divorce on May 30, 2008.  She argues that at

the time of the entry of the final decree, husband was unemployed and receiving no unemployment

compensation and that he was in the same position at the time of the October 2009 order suspending

spousal support payments.  We affirm the judgment of the trial court.

BACKGROUND

"On review, we consider the evidence in the light most favorable to the party prevailing

in the trial court." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30

(1989).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On May 30, 2008, the trial court entered a final decree of divorce, awarding wife $350 per month in spousal support. The decree recited that husband's income was $3,294 per month, that he had no "earnings from the flea market business," nor did he "have any earnings in addition to his salary from Cavalier Telephone." Pursuant to Code § 20-107.1, the final decree provided certain notices, including each party's employer. The decree originally stated husband's employer as "Cavalier Telephone." However, this entry was struck through and "unemployed" was written in longhand.

Husband was laid off by Cavalier Telephone on March 21, 2008. He received nine weeks of severance pay. Shortly after being laid off, he filed for unemployment compensation; but was ineligible due to his severance pay. His application for unemployment compensation was re-opened on May 25, 2008. He received compensation from June 7, 2008 until December 28, 2008 and from January 13, 2009 until March 21, 2009. Since the cessation of unemployment compensation, he earned a nominal amount (ranging from approximately $375 to $662 per month) from his flea market business. Although he applied for approximately 200 jobs, he was unable to find new employment.

Husband testified that there was a delay between the time of the final hearing, in which he testified about his income at Cavalier Telephone, until the entry of the final decree of divorce, at which time he had been laid off from Cavalier Telephone.[1]

On August 5, 2009, husband moved to reduce or terminate his spousal support obligation because of his loss of income. On October 26, 2009, the trial court suspended husband's spousal support obligation after the October 2009 payment. Wife timely noted her appeal.

---

[1] According to the final decree of divorce, the trial court heard the evidence *ore tenus* on August 17, 2007, and notified counsel of its rulings by conference call on December 7, 2007. The trial court entered the final decree on May 30, 2008. There is no evidence in the record as to how or when the trial court was notified of the change in husband's employment situation.

ANALYSIS

Wife argues that the trial court erred in suspending the spousal support payments because there was no material change of circumstances since the entry of the final decree. She argues that husband's employment situation and income in October 2009 was the same as on May 30, 2008, when the trial court entered the final decree.

"The determination whether a spouse is entitled to [a reduction or increase in spousal] support, and if so how much, is a matter within the discretion of the [trial] court and will not be disturbed on appeal unless it is clear that some injustice has been done." Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986) (citations omitted).

"Upon [the] petition of either party the court may [modify] . . . spousal support and maintenance . . . as the circumstances may make proper." Code § 20-109. "The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." Schoenwetter, 8 Va. App. at 605, 383 S.E.2d at 30 (citation omitted). The material change in circumstances "must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay." Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452 (1988).

Here, the trial court held that a material change of circumstances had occurred "in light of evidence showing the cessation, then resumption, then ultimate termination of Howard Jamison's unemployment benefits, all occurring after entry of the [final] decree, leaving him with no source of income."

The parties and the trial court knew of husband's unemployment situation at the time of the final decree because the final decree states that husband was "unemployed." However, at the time, husband was receiving severance pay and applying for unemployment compensation. Contrary to wife's argument, husband's financial situation had changed since the entry of the

final decree, because in October 2009, he no longer received severance pay or unemployment compensation, but received only a minimal amount of income from his flea market business.

The record supports the trial court's finding of a material change of circumstances justifying the suspension of husband's spousal support obligation. Accordingly, we affirm the judgment of the trial court.

<u>Affirmed.</u>