COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Alston, Decker and Senior Judge Coleman


PAUL H. BLALOCK

                                                        MEMORANDUM OPINION[*]
v.      Record No. 0895-14-4                            PER CURIAM
                                                        NOVEMBER 4, 2014
SHERRI SUE BLALOCK


                FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                     Thomas D. Horne, Judge Designate

            (Ryan M. Schmalzle; Beckman Schmalzle PLC, on briefs), for
            appellant.

            (Elizabeth M. Ross; Lieblich & Grimes, P.C., on brief), for appellee.


        Paul H. Blalock (husband) appeals a spousal support order.  Husband argues that the trial

court erred by (I) modifying his spousal support obligation because "the trial court failed to properly

account for (1) the income imputed to [Sherri Sue] Blalock [(wife)], (2) [wife's] significantly

reduced cost of living due to her relocation, (3) [wife's] lack of housing costs, and (4) the factors

listed in Virginia Code Ann. 20-107.1(E);" and (II) not terminating his spousal support obligation

because wife failed to prove an ongoing need for support and because "the trial court failed to

properly account for (1) the income imputed to [wife], (2) [wife's] significantly reduced cost of

living due to her relocation, (3) [wife's] lack of housing costs, and (4) the factors listed in Virginia

Code Ann. 20-107.1(E)."  Upon reviewing the record and briefs of the parties, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.

See Rule 5A:27.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

The parties married on December 22, 1979. The trial court entered an amended order of divorce on March 11, 2009, *nunc pro tunc* to November 6, 2008. Pursuant to the order, husband was to pay spousal support to wife in the amount of thirty percent of his base salary, so at the time of the divorce, he paid her $7,125 per month. As additional support and maintenance, he was ordered to pay wife thirty percent of "the gross cash component of the Husband's annual bonus" within ten days of its receipt.

At the time of the divorce, wife lived in the former marital residence in Loudoun County. After the former marital residence sold, she moved to her home in Fort Gibson, Oklahoma and paid off its mortgage.

On May 18, 2012, husband filed a motion to modify spousal support. Husband argued that wife moved to Oklahoma and lowered her cost of living, so her need for spousal support decreased. He also stated that he changed jobs since the parties divorced.

On January 8, 2014, husband appeared before the trial court to present evidence on his motion. Wife did not appear.[1] Husband testified about the changes since the divorce, including wife's move to Oklahoma. He also presented evidence from a vocational and cost of living expert who testified about the lower cost of living in Oklahoma and wife's earning capacity.

On January 10, 2014, the trial court issued a memorandum opinion. The trial court found that there was a "material change in circumstances warranting a modification of support based

_____

[1] Wife requested a continuance of the hearing, but the trial court found that the motion was "untimely and prejudicial" to husband. It also noted that the motion to modify spousal support had been on the docket for over one and a half years.

upon the testimony regarding the [wife's] employability, vocational training period, [husband's] slight reduction in salaried income, amount of previous bonus awards, and cost of living for the parties." The trial court ordered that husband's support obligation would be $7,125 per month, as of January 1, 2014. He no longer was obligated to pay a portion of his bonus to wife. The trial court entered an order memorializing its rulings on April 17, 2014. Both parties noted their objections to the order.

On the same day, the trial court also entered an order suspending judgment. Husband filed a motion to reconsider and brief in support thereof on April 22, 2014. Husband requested that the trial court lower his spousal support obligation to $2,535 per month, based on the wife's earning capacity and her lower cost of living. On April 30, 2014, the trial court entered an order denying the motion to reconsider. This appeal followed.

ANALYSIS

*Assignments of error I and II*

Husband argues that the trial court erred in modifying, not terminating, husband's spousal support obligation. He contends the trial court did not consider (1) income imputed to wife, (2) wife's lower cost of living in Oklahoma, (3) the lack of housing costs for wife, and (4) the Code § 20-107.1(E) factors.

"We will not disturb the trial court's decision where it is based on an *ore tenus* hearing, unless it is 'plainly wrong or without evidence in the record to support it.'" Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (quoting Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989)).

Husband contends the trial court erroneously considered the disparity in the parties' earning capacities and did not focus on wife's need for support. He asserts that wife's need for spousal support decreased when she moved to Oklahoma. She paid off the mortgage on her

- 3 -

home in Oklahoma. In addition, husband presented expert testimony that the standard of living was significantly lower in Fort Gibson, Oklahoma than it was in Loudoun County, Virginia. Lastly, husband argues that the trial court did not consider the income it imputed to wife when it determined her need for support.

"The determination whether a spouse is entitled to [a termination of spousal] support . . . is a matter within the discretion of the [trial] court . . . ." Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986).

"Upon [the] petition of either party the court may increase, decrease, or terminate the amount or duration of any spousal support and maintenance . . . as the circumstances may make proper." Code § 20-109. "The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." Schoenwetter, 8 Va. App. at 605, 383 S.E.2d at 30 (citation omitted). The material change in circumstances "must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay." Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452 (1988).

Contrary to husband's arguments, the trial court considered all of the evidence presented when it modified his spousal support obligation. The trial court noted in its memorandum opinion that husband's annual income at the time of the divorce was $285,000, not including bonus income. At the time of the modification hearing, husband's annual income was $275,000, not including bonus income. It also determined that based on the evidence presented, wife was capable of earning $20,000 per year "after five months training." Further, the trial court found that there was "a gross disparity between the cost of living in [wife's] home state of Oklahoma and that of Loudoun County."

On appeal, husband focuses on the trial court's statement that "the evidence suggests that there exists both a gross disparity between the earning capacities of the parties even after imputing income to [wife]." He argues that the trial court relied on an additional factor that was not found in Code § 20-107.1(E), namely the parties' disparity in incomes. Husband did not make this objection or argument to the trial court. Therefore, this Court will not consider it. Rule 5A:18.

Husband also contends the trial court did not consider all of the evidence presented for the factors in Code § 20-107.1(E). He asserts that the trial court did not consider wife's education, his contributions to the marriage, and the reasons for the breakdown of the marriage. However, in its April 30, 2014 order, the trial court stated that "a reading of the Opinion reveals the Court considered the statutory factors" and it specified where in its memorandum opinion and prior order it considered the statutory factors. In awarding spousal support, a trial court must consider the factors in Code § 20-107.1(E); however, "[t]his does not mean that the trial court is required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors. It does mean, however, that the court's findings must have some foundation based on the evidence presented." Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986). Based on the trial court's memorandum opinion, it is clear that the trial court considered the Code § 20-107.1(E) factors when it modified the spousal support award.

After hearing all of the evidence and argument, the trial court held that there was a material change in circumstances that warranted a modification in spousal support. Despite husband's arguments otherwise, this Court finds that the trial court specifically stated that it based its decision on "the testimony regarding [wife's] employability, vocational training period, [husband's] slight reduction in salaried income, amount of previous bonus awards, and cost of living for the parties."

There is nothing in the record to suggest that a termination of spousal support was appropriate considering the circumstances of the parties.

Accordingly, the trial court did not err in modifying husband's spousal support obligation.

*Attorney's fees and costs*

Both parties requested an award of attorney's fees and costs incurred on appeal. <u>See</u> <u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, we decline to award either party attorney's fees and costs on appeal.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

<u>Affirmed.</u>