UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present: Judges Humphreys, O'Brien and Senior Judge Bumgardner


WILLIAM N. BLAIR

MEMORANDUM OPINION[*]

v.      Record No. 2242-14-4      PER CURIAM
MAY 5, 2015

KARIN L. BLAIR


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Randy I. Bellows, Judge

(Adam T. Kronfeld; The Duff Law Firm, on brief), for appellant.

(Dorothy M. Isaacs; Cory F. Goriup; Surovell Isaacs Petersen &
Levy PLC, on brief), for appellee.


William N. Blair (husband) appeals an order denying his motion to modify his spousal

support obligation to Karin L. Blair (wife). Husband argues that the trial court erred by finding that

no material change in circumstances occurred since the last support order because (1) husband had

fully retired and had no employment income and (2) wife's gross income had increased. Upon

reviewing the record and briefs of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

The parties married on October 17, 1971 and separated on September 1, 2003. On

January 6, 2006, the parties entered into a property settlement agreement (agreement), which was

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

incorporated into their final decree of divorce on January 26, 2006. The agreement included a provision that husband would pay wife spousal support "in an amount such that when added to wife's United State[s] Navy reserve retirement annuity share, the aggregate amount shall equal $3,750.00." The agreement further stated that the amount of spousal support would be non-modifiable for three and one-half years, "except for an involuntary loss of husband's employment income."

In 2008, husband filed a motion to reduce his spousal support obligation. The trial court found that husband experienced an involuntary loss of employment income. On July 1, 2008, the trial court entered an order, which reduced husband's spousal support obligation to $1,951 per month. Husband filed a motion to reconsider, and the trial court subsequently entered an order denying any further modification.[1]

In September 2014, husband filed a motion to modify spousal support. He alleged that the parties' circumstances had changed since the 2008 support order. On November 13, 2014, the parties appeared before the trial court. The parties proffered and stipulated that husband was retired and had no plans to seek employment. Both husband and wife receive Social Security payments and pensions from the Navy, Lockheed Martin, and Computer Science Corporation. Wife also receives IRA distributions. At the conclusion of the hearing, the trial court found that there was no material change in circumstances since the 2008 order. The trial court explained that husband was unemployed in 2008 and 2014. In addition, husband's other income had increased "significantly," while wife's income had "gone up a little bit, but . . . a much lower amount than [husband's] income has gone up." Consequently, the trial court concluded that it

---

[1] Husband appealed the trial court's rulings, and this Court affirmed the trial court's decision on January 11, 2011. See Blair v. Blair, Record No. 0864-10-4 (Va. Ct. App. Jan. 11, 2011).

did not have jurisdiction to consider husband's motion to modify spousal support because he did not prove a material change in circumstances since the 2008 order. This appeal followed.

ANALYSIS

Husband argues that the trial court erred in finding that there was not a material change in circumstances because the evidence proved that husband was fully retired and had no employment income, while wife's income had increased.

"A trial court is vested with 'broad discretion in deciding whether a material change in circumstances warrants a modification in the amount of support.'" Driscoll v. Hunter, 59 Va. App. 22, 35, 716 S.E.2d 477, 482 (2011) (quoting Reece v. Reece, 22 Va. App. 368, 373, 470 S.E.2d 148, 151 (1996)). "We will not disturb the trial court's decision where it is based on an *ore tenus* hearing, unless it is 'plainly wrong or without evidence in the record to support it.'" Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (quoting Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989)).

"The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." Schoenwetter, 8 Va. App. at 605, 383 S.E.2d at 30 (citation omitted).

Husband contends his financial situation changed between 2008 and 2014. In 2008, he was on medical leave. In 2008, the trial court stated,

> That [husband's] decisions regarding his appeal of his disability, his decision not to retire from CSC and draw his pension now, or to apply for his social security benefits or seek other less stressful employment are decisions in his control, but which affect [wife] and should not enure [sic] to the detriment of [wife]."

Husband states that he had options available to him in 2008; however, in 2014, husband no longer had those options because he retired from employment. Therefore, he contends there was a material change in circumstances between 2008 and 2014. He argues:

Husband's circumstances changed from July 1, 2008, to November 13, 2014, not because the Husband's employment income decreased during that period of time, nor because his income from other sources decreased. The Husband's change in circumstances is found in the contrast between his 2014 circumstances and those articulated in Paragraph 18 of the 2008 Order.

In Driscoll, the Court heard a similar argument from the husband who asserted that the trial court erred in not finding that there was a material change in circumstances when he retired. The Court explained:

A material change in circumstances, by itself, does not require the alteration of a spousal support award. Instead, the party seeking modification must show, in addition to a material change in circumstances, that the change "'warrants a modification of support.'" Moreno v. Moreno, 24 Va. App. 190, 195, 480 S.E.2d 792, 794-95 (1997) (quoting Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989)). A modification of support is warranted when it "'bear[s] upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay.'" Id. at 195, 480 S.E.2d at 795 (quoting Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452 (1988)). *Therefore, even if the trial court had committed error in declining to hold that husband's retirement constituted a material change in circumstances, that alone would not provide a basis for the trial court to alter the spousal support obligation.*

Driscoll, 59 Va. App. at 33, 716 S.E.2d at 481-82 (emphasis added).

Here, the trial court found that despite his retirement, husband had more financial resources available to him in 2014 than he did in 2008, when the trial court established his monthly spousal support obligation to be $1,951. Therefore, as in Driscoll, even if the trial court erred in deciding that there were no material changes in circumstances between 2008 and 2014, husband's financial resources increased, and he still had the ability to pay support.

Husband also argues that the trial court erred in determining that wife's increase in her income was not a material change in circumstances. The trial court acknowledged, "Ms. Blair's income has gone up a little bit, but a much less amount, a much lower amount than Mr. Blair's income has gone up." Although wife's income had changed since 2008, it was not enough to

- 4 -

warrant a change in spousal support, especially since husband's income had increased "significantly between 2008 and 2014."

Considering the record in this case, the trial court did not err in concluding that there was not a material change in circumstances.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.  Rule 5A:27.

<u>Affirmed.</u>