COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Alston and Senior Judge Coleman


RICKY E. CARR

                                                        MEMORANDUM OPINION[*]
v.      Record No. 0096-09-1                                    PER CURIAM
                                                            AUGUST 18, 2009
JOANNE CARR


                    FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                            Christopher W. Hutton, Judge

            (Ricky E. Carr, *pro se*, on briefs).

            (Avery T. Waterman, Jr.; Patten, Wornom, Hatten & Diamonstein,
            LC, on brief), for appellee.


        Ricky E. Carr (husband) appeals the trial court's denial of a modification for spousal

support.  Husband argues that the trial court erred by (1) not finding that husband's employer,

without any input or involvement of husband, reduced his compensation by half; (2) not finding that

although husband has reduced his monthly expenses, he cannot afford his monthly spousal support

obligation; (3) not reducing the spousal support obligation because Joanne Carr's (wife) income has

increased; (4) not reducing the monthly amount of attorney's fees that husband was ordered to pay

under the final decree; and (5) not awarding husband credit for overpayments in spousal support.

Upon reviewing the record and briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

Husband and wife were divorced on November 27, 2007. The final decree awarded wife $4,000 per month in spousal support and ordered husband to pay $43,318.85, in $2,000 monthly installments, to wife for her attorney's fees.

Husband founded and worked as a pastor at a church for over ten years prior to the spousal support modification hearing. On December 19, 2007, only a few weeks after the entry of the parties' final decree, the church's board of directors voted to cut husband's salary in half, from $80,000 to $40,000, and reduce his housing allowance from $25,000 to $20,000. As a result, husband unilaterally reduced his spousal support payment to $500 per month and his attorney fee payment to $500 per month.

Husband subsequently filed a motion to reduce his spousal support obligation. After two days of testimony, the trial court denied husband's motion. Husband timely noted his appeal.

ANALYSIS

Modification of Spousal Support

Husband argues that the trial court erred in not reducing his spousal support obligation. He contends the trial court erred by not accepting his evidence that his compensation was reduced by half and that despite the reductions in his expenses, he cannot afford to pay his monthly spousal support obligation.

"In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of witnesses." Wagner Enterprises, Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991) (citation omitted). "We will not disturb the trial court's decision where it is based on an *ore tenus* hearing, unless it is 'plainly wrong or without evidence in the record to support

- 2 -

it.'" Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (quoting Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989)).

"Upon [the] petition of either party the court may increase, decrease, or terminate the amount or duration of any spousal support and maintenance [award] . . . as the circumstances may make proper." Code § 20-109.

Husband testified that the church's board of directors decided to reduce his income by half based on changes in the economy and revenues earned. He testified that he was not involved in the church's decision to reduce his income and that he was not present at the meeting. However, the trial court held that the "evidence which he [husband], and others on his behalf, presented strains credibility. I do not find it a coincidence that the vote of the Church Board of Directors to do this occurred just a few weeks after the entry of the Final Decree of Divorce in this case." The trial court found that husband's reduction in income was "voluntary and orchestrated by him."

"It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*).

The trial court found husband's evidence regarding a reduction in income and his inability to pay his monthly spousal support obligation incredible. There was no abuse of discretion in rejecting this testimony.

Husband also argues that the trial court erred in not finding that wife's increase in income justified a reduction in spousal support.[1] The trial court held that wife had a "modest increase in income," but it was not "so material as to change the award of Spousal Support."

"The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." Schoenwetter, 8 Va. App. at 605, 383 S.E.2d at 30 (citation omitted). Not every material change of circumstance justifies a modification of spousal support. See Blackburn v. Michael, 30 Va. App. 95, 103, 515 S.E.2d 780, 784 (1999). "The material change 'must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay.'" Street, 25 Va. App. at 386, 488 S.E.2d at 668 (quoting Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452 (1988)). Wife's needs had not changed since the original spousal support award.

A trial court has broad discretion in awarding spousal support, and its ruling will not be overturned unless there is an abuse of discretion. Brooks v. Brooks, 27 Va. App. 314, 317, 498 S.E.2d 461, 463 (1998) (citations omitted). The trial court found that wife's modest increase in income was not material enough to warrant a change in spousal support. The trial court found the timing suspect, especially since the parties' final decree was entered on November 27, 2007; the church board of directors reduced husband's income on December 19, 2007; and husband reduced his monthly payments in January 2008. The trial court also questioned whether husband was involved in the reduction of his income. Based on the facts and circumstances, the trial court did not abuse its discretion in finding that wife's increase in income was not sufficient to find a material change of circumstances.

---

[1] Wife's monthly income increased from $1,725 in 2006 to $2,145 in 2008, a change of $420 per month.

Husband also sought a credit for overpayments in spousal support. Since the trial court did not modify spousal support, it did not err in failing to give husband a credit for overpayments.

Attorney's Fee Award

Husband argues that the trial court erred by not reducing the monthly amount of attorney's fees that he was ordered to pay. The trial court did not address this issue in its opinion letter or its order, and husband did not request a ruling on this issue. Where the trial court does not rule on an issue raised by appellant, "there is no ruling for us to review on appeal." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 489 (1998). See Fisher v. Commonwealth, 16 Va. App. 447, 454, 431 S.E.2d 886, 890 (1993).

Husband also requested an award of attorney's fees on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). However, since wife has prevailed in this appeal, we deny husband's request for attorney's fees. Rogers v. Rogers, 51 Va. App. 261, 274, 656 S.E.2d 436, 442 (2008).

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.

- 5 -