UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Judges AtLee, Malveaux and Senior Judge Annunziata
Argued at Fredericksburg, Virginia


ABDUL RAHMAN NASHNOUSH

                                                        MEMORANDUM OPINION* BY
v.        Record No. 1768-16-4                    JUDGE ROSEMARIE ANNUNZIATA
                                                            AUGUST 1, 2017
ASMA YOUSEF


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Grace Burke Carroll, Judge

Ronald L. Hiss for appellant.

No brief or argument for appellee.


Abdul Rahman Nashnoush appeals an order denying his motion to modify support.

Nashnoush argues that the circuit court erred by (1) refusing to allow him to testify about his tax

returns and the impact of filing separately or jointly; (2) "admitting and/or giving any weight to the

expert witness's testimony regarding Mr. Nashnoush's ability to immediately obtain phantom

employment;" (3) violating his First Amendment right to free exercise of religion and "failing to

recognize that Mr. Nashnoush has a right to choose employment that does not violate his religious

beliefs;" (4) failing to consider evidence provided by him; and (5) "considering the argument,

without any supporting evidence, offered by Ms. Yousef from the mediation of the final divorce,

rather than considering the only evidence pertaining to the matter before the trial court offered by

Mr. Nashnoush." We find no error, and affirm the decision of the circuit court.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

The parties were divorced on May 24, 2016. The final decree of divorce affirmed, ratified, and incorporated the parties' agreement dated April 15, 2016. The agreement and final decree stated that Nashnoush would pay Yousef child support in the amount of $2,355 per month for twelve months beginning May 1, 2016, $2,255 per month for twenty-four months beginning May 1, 2017, and then $2,237 per month "for as long as a child support obligation exists for three children, or until there is a material change in circumstances that results in a further order of the Court." The agreement and final decree also stated that Nashnoush would pay Yousef spousal support in the amount of $6,645 per month for twelve months beginning May 1, 2016, $6,133 per month for twenty-four months beginning May 1, 2017, and $5,263 per month for thirty-six months beginning May 1, 2019. Both the agreement and the final decree included the following provision regarding the modifiability of spousal support:

> The parties jointly acknowledge that Husband suffered a stroke in February 2016 and is currently in rehabilitation. Husband was placed on short term disability beginning April 1, 2016, and will be receiving a maximum of 60% of his income for the duration of the disability benefit. Husband anticipates returning to full time employment in May 2016; however, his inability to do so shall be considered a material change in circumstance and the court shall have the authority to hold an evidentiary hearing to review the change and make any adjustments it deems appropriate retroactive to the date he provided Wife with written notice of the inability to return to regular employment. The parties agree to work cooperatively with one another to determine the support amount that shall be payable during the period of disability and in the event the parties are unable to resolve the dispute, either party may petition the Court for a determination. Support shall nevertheless be paid for the period of disability provided a court hearing is held within two months of written notice. In the event

the parties are in court on a motion to modify spousal support as a result of this disability, the prevailing party shall be compensated for his/her attorneys' fees incurred on the issue by the other party.

Support shall otherwise be modifiable upon any material change in circumstances.

On June 6, 2016, Nashnoush filed a petition to modify child support and spousal support. In his petition, Nashnoush stated that he informed his employer that he could return to work on May 15, 2016, but would need reasonable accommodations. He further alleged that his employer "informed him that his services would no longer be needed and terminated his employment, through no fault of Nashnoush on May 9, 2016." In his petition, Nashnoush requested that the court reduce his support obligations. He also asked the court to award him one-half of the tax liability he paid for the 2014 and 2015 taxes. He explained that the parties filed jointly in 2014, but Yousef refused to sign an amended 2014 tax return, which "created a larger tax liability than previously owed." Yousef also refused to file a joint 2015 tax return, in contravention of the terms of the parties' agreement.

On October 20, 2016, the parties appeared before the circuit court. During the trial, Nashnoush was asked about the 2014 and 2015 tax returns. He testified that Yousef refused to sign the 2015 joint tax return, so he filed separately. Since Nashnoush did not offer into evidence the tax returns that he presented to Yousef, the circuit court sustained the objection regarding his testimony about what the joint tax returns would have shown. The circuit court stated, "He can't just say, 'Hey, I figured it out and it was a debit or it was a credit' if he doesn't have what he prepared to question that and to cross examine that. I'm not going to allow him to testify to what it would have been."

Then, Nashnoush testified about his employment. Prior to May 2016, he was "vice-president and head of national sales for [an] Islamic home finance provider." In 2014,

- 3 -

Nashnoush earned $310,000, and in 2015, he earned $325,000. He explained that on May 9, 2016, his employer offered him two choices. The first option was a severance package, in which he could earn $170,000 but had to agree to a one year non-compete provision. His second option was accepting a job as an area manager in Kentucky, where he would earn the same salary as his current salary for one year and then he would earn the "Area Manager salary." Nashnoush refused both offers. Instead, he found a job as vice-president with a competitor, with whom he is earning a base salary of $120,000 per year. He testified that he expected to start earning bonuses in late 2018 or early 2019.

At the conclusion of Nashnoush's evidence, Yousef made a motion to strike, which the circuit court denied. Yousef presented evidence from a vocational expert. The expert opined that Nashnoush was underemployed and that his earning capacity was approximately $240,000.

After hearing the parties' evidence and argument, the circuit court found that there was a material change in circumstances, but that modification of child and spousal support was not warranted. The circuit court held that Nashnoush was voluntarily underemployed. On October 20, 2016, the circuit court entered an order denying Nashnoush's motion to modify support and awarded Yousef $19,742.98 for her attorney's fees and costs. This appeal followed.

ANALYSIS

*Assignments of error #1 and 5*

In the first assignment of error, Nashnoush argues that the circuit court erred when it refused to allow him to testify about the 2014 and 2015 tax returns. In the fifth assignment of error, Nashnoush argues that the circuit court abused its discretion by considering evidence related to the divorce.

Rule 5A:20(e) mandates that appellant's opening brief include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error."

Nashnoush did not comply with Rule 5A:20(e) because his opening brief does not contain any principles of law or citation to legal authorities to fully develop his arguments relating to the first and fifth assignments of error.

Nashnoush has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore, this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Id. Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*).

We find that Nashnoush's failure to comply with Rule 5A:20(e) is significant, so we will not consider the first and fifth assignments of error. See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

*Assignments of error #2 and 3*

Nashnoush argues that the circuit court erred by accepting the vocational expert's opinion and violating his First Amendment rights to free exercise of religion. Nashnoush endorsed the final order as "Seen and objected to." His counsel also wrote, "Objections: Court disregarded

the evidence of the change of circumstances." Nashnoush raises the arguments in the second and third assignments of error for the first time on appeal.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18.

We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (*en banc*).

Accordingly, we will not consider the arguments in the second and third assignments of error.[1]

*Assignment of error #4*

Nashnoush argues that the circuit court erred by failing to consider the evidence presented by him. He asserts that he offered into evidence copies of his current paystubs, which showed that he was earning the same base salary that he previously earned. He also testified about his employment situation. He contends he was not underemployed, as the expert witness opined, but had a comparable job with the same base salary and "the potential to make a similar income to what he had lost within 18 months."

"We will not disturb the trial court's decision where it is based on an *ore tenus* hearing, unless it is 'plainly wrong or without evidence in the record to support it.'" Furr v. Furr, 13

---

[1] Nashnoush asks this Court to consider the third assignment of error pursuant to the ends of justice exception. Contrary to Nashnoush's arguments, the ends of justice exception does not apply because he has not proven that a miscarriage of justice occurred. See Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997).

Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (quoting Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989)).

"The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." Schoenwetter, 8 Va. App. at 605, 383 S.E.2d at 30. To prove a change in circumstances justifying a reduction in support, the payor "must establish that he is not 'voluntarily unemployed or voluntarily under employed.'" Antonelli v. Antonelli, 242 Va. 152, 154, 409 S.E.2d 117, 119 (1991) (quoting Code § 20-108.1(B)(3)); see also Hatloy v. Hatloy, 41 Va. App. 667, 672, 588 S.E.2d 389, 391 (2003). "Whether a person is voluntarily unemployed or underemployed is a factual determination." Blackburn v. Michael, 30 Va. App. 95, 102, 515 S.E.2d 780, 784 (1999). "Employing the most deferential standard of appellate review, we reverse factual findings 'only if plainly wrong or not supported by credible evidence.'" Broadhead v. Broadhead, 51 Va. App. 170, 181, 655 S.E.2d 748, 753 (2008) (quoting Budnick v. Budnick, 42 Va. App. 823, 841, 595 S.E.2d 50, 59 (2004)).

The evidence supports the circuit court's findings that Nashnoush was voluntarily underemployed. Contrary to Nashnoush's arguments, the circuit court considered his evidence. It noted that Nashnoush chose not to accept a $170,000 severance package from his previous employer, and instead, voluntarily took a job earning $120,000 per year. The circuit court stated, "And when you're voluntarily underemployed, the court is not going to reduce his income or his obligations that he agreed to in this calendar year, less than six months ago. The court does not find that the modification is warranted."

Accordingly, the circuit court did not err in denying Nashnoush's motion to modify support.

CONCLUSION

For the foregoing reasons, the circuit court's ruling is affirmed.

<u>Affirmed.</u>